**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FRANK DETORIE, M.D. and MARGARET DETORIE | : | |
| Plaintiffs, | : | CA 06 65 |
| V. | : | CASE NO. |
| MERCK & CO., INC. and CAROL DEBIASIO | : | |
| Defendants. | : | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck"), through its undersigned counsel, hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court, County of Providence, State of Rhode Island, to the United States District Court for the District of Rhode Island and respectfully states to this Court the following:

1. This case involves allegations relating to the prescription drug Vioxx®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order establishing MDL-1657 and transferring 148 Vioxx-related cases to the U.S. District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp.2d 1352, 1353-54 (J.P.M.L. 2005). Since the designation of the MDL court, several hundred more cases have been transferred to or filed in the MDL and hundreds more are in the process of being transferred. Like those cases, this case involves Vioxx-related claims in which the plaintiffs seek recovery of damages based on injuries they allegedly suffered as a result of taking Vioxx. Merck intends to seek inclusion of this case within

the MDL-1657 proceedings and it will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. The plaintiffs in this case, Frank Detorie, M.D. ("Dr. Detorie") and his wife Margaret Detorie (collectively "plaintiffs"), seek damages for injuries allegedly resulting from Dr. Detorie's use of Vioxx. They seek recovery based on Merck's alleged negligence and breach of express and implied warranty and also assert a cause of action for loss of consortium. In an effort to avoid federal diversity jurisdiction, plaintiffs named not only Merck as a defendant but also a resident of Rhode Island, Carol DeBiasio ("DeBiasio"), who is employed by Merck as a professional sales representative. Most of the allegations in the complaint treat DeBiasio and Merck the same, without specifying what conduct on the part of each defendant is alleged to have proximately caused plaintiffs' injuries.

3. Plaintiffs served process on Merck on January 9, 2006, and the case is currently pending in the Superior Court, County of Providence, State of Rhode Island, as case number PC05-5083. Merck and DeBiasio filed separate Answers to the complaint on January 30, 2006, denying liability (attached as Exhibit A).

4. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (i) Merck has satisfied the procedural requirements for removal, and (ii) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

5. Merck was served with a copy of plaintiffs' Complaint on January 9, 2006. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) (requiring filing of removal notice within 30 days of service of the complaint).

6. Venue is proper in this Court because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 120 (defining judicial district of Rhode Island).

7. Merck is not required to obtain the consent of DeBiasio because, as demonstrated below, the claims against her have been fraudulently joined with the claim against Merck in an attempt to defeat removal. *See Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983) (noting that "[a] party fraudulently joined to defeat removal need not join in a removal petition, and is disregarded in determining diversity of citizenship"). Although not required, DeBiasio nonetheless joins in and consents to this removal. Her Notice of Consent to Removal is filed contemporaneously herewith.

8. No previous application has been made for the relief requested herein.

9. No proceedings have been had in the state court action other than the filing of the Complaint, the Motion for Admission Pro Hac Vice, the Answers, and the Notice of Removal.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served on counsel for plaintiffs, and a copy is being filed with the Clerk for the Superior Court, Providence County.

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Merck are attached hereto (attached as Exhibit B).

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.

### A. There Is Complete Diversity Of Citizenship Between Plaintiffs And All Properly Joined Defendants Because The Only Non-Diverse Defendant Is Fraudulently Joined

13. There is complete diversity between plaintiffs and Merck, the only properly joined defendant in this action.

14. Plaintiffs allege in their Complaint that they are residents of Lincoln, Providence County, Rhode Island. *See* Complaint, ¶¶ 1-2. Accordingly, on information and belief, plaintiffs are domiciled in, and therefore citizens of, Rhode Island. *See* 28 U.S.C. § 1332(a); *see also Bank One, Texas, N.A. v. Montle*, 964 F.2d 48, 49 (1st Cir. 1992) (stating that "[f]or purposes of diversity, a person is a citizen of the state in which he is domiciled").

15. Merck is, and was at the time plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

16. For the reasons set forth more fully below, the citizenship of defendant DeBiasio should be disregarded because she has been fraudulently joined in order to thwart removal. *See Gabrielle v. Allegro Resorts Hotels*, 210 F. Supp.2d 62, 67 (D.R.I. 2002) ("right of removal cannot be defeated by a fraudulent joinder of a non-diverse

defendant . . ."); *Mills v. Allegiance Healthcare Corp.*, 178 F. Supp.2d 1, 4 (D. Mass. 2001) (same).

17. Joinder of a non-diverse party is fraudulent when it has no "reasonable basis in law and fact," *Gabrielle,* 210 F. Supp.2d at 67 (quoting *Mills v. Allegiance Healthcare Corp.,* 178 F. Supp.2d 1, 4 (D. Mass. 2001)), and the complaint does not and cannot "establish a cause of action against the non-diverse defendant[] in state court." *Id.* at 66. Federal courts have widely held that a non-diverse party is fraudulently joined where "there is no 'reasonable basis' for predicting liability on the claims alleged" against that party. *See, e.g., Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 n.3 (2d Cir. 1998); *Boyer v. Snap-on Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990); *Catlett v. Wyeth, Inc.,* 379 F. Supp.2d 1374, 1377 (M.D. Ga. 2004); *In re Rezulin Prods. Liab. Litig.,* 133 F. Supp.2d 272, 280 n.4 (S.D.N.Y. 2001). Here, there is no reasonable basis in law or fact for the claims against DeBiasio and no reasonable basis for predicting liability on those claims. Her joinder is therefore fraudulent and should be disregarded in determining diversity jurisdiction.

**(1) There Is No Legal Or Factual Basis For The Negligence Claim Against DeBiasio Because She Had No Duty To Warn Plaintiffs Of The Alleged Risks of Vioxx**

18. Plaintiffs' negligence claim is based on the allegation that DeBiasio, as a Merck sales representative, had a duty to warn Dr. Detorie of the alleged risks of Vioxx. *See* Complaint ¶ 25 (DeBiasio "had a legal duty … to warn [Dr. Detorie] of the risks of Vioxx"); ¶ 10 (DeBiasio "misrepresented … that Vioxx was safe … when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, unsafe for its intended use and did pose cardiovascular risks"); ¶ 13 (DeBiasio "did not provide any

appropriate warnings or advice to" Dr. Detorie). Dr. Detorie asserts this claim as a patient, alleging that he was injured by self-medicating with Vioxx promotional samples allegedly provided by DeBiasio.

19. Under Rhode Island law, there is no reasonable basis for this negligence claim against DeBiasio. To establish a negligence claim, plaintiffs must show that DeBiasio owed plaintiffs a duty. *See Olshansky v. Rehrig Intern.*, 872 A.2d 282, 289 (R.I. 2005); *Splendorio v. Bilray Demolition Co., Inc.*, 682 A.2d 461, 466 (R.I. 1996). As a matter of law, DeBiasio had no duty to warn Dr. Detorie, a self-medicating physician, of the alleged risks of Vioxx.

20. Federal courts have repeatedly held that pharmaceutical sales representatives owe no duty to warn patients about risks of the products they promote and find no possible liability based on a failure to warn. *E.g., In re Rezulin,* 133 F. Supp.2d at 282-83; *Catlett,* 379 F. Supp.2d at 1377-82; *In re Diet Drugs,* 2004 WL 2203712 at **2-3 (E.D. Pa. Sept. 28, 2004); *In re Diet Drugs,* 2004 WL 1118714 at *4 (E.D. Pa. May 18, 2004); *Sobkowski v. Wyeth, Inc.*, 2004 WL 3569704 at **4-5 (M.D. Fla. May 17, 2004); *Johnson v. Parke-Davis,* 114 F. Supp.2d 522, 525 (S.D. Miss. 2000).

21. Under the "learned intermediary rule," pharmaceutical manufacturers and their sales representatives have no duty to warn patients of the risks of prescription drugs; any such duty is discharged by providing that information to the prescribing physician. *E.g., Catlett,* 379 F. Supp.2d at 1381 (under learned intermediary rule, "pharmaceutical companies have a duty to warn *only* the physicians . . . because the physicians are the ones with the expert medical knowledge regarding the safety and proper use of a particular drug" and "personal knowledge of each individual patient[]"); *In re Diet*

*Drugs,* 2004 WL 2203712 at *3 (under learned intermediary rule, "sales representatives had no duty to provide warning directly to the patients"); *see also Johnson,* 114 F. Supp.2d at 525 (sales representatives have no duty to warn patients); *In re Rezulin,* 133 F. Supp.2d at 282 (same). Because the law does not impose on DeBiasio a duty to warn Dr. Detorie, or any other patient, concerning the use of Vioxx, she can have no individual liability to him in this case.

22. Nor can DeBiasio be held individually liable for failing to warn Dr. Detorie of the risks of Vioxx in his capacity as a prescribing physician. Courts recognize that sales representatives serve a limited role as agents to act as a conduit of information provided by the manufacturer and do not themselves have a duty to warn the physicians on whom they call. *E.g., Catlett,* 379 F. Supp.2d at 1381 ("[t]here is no basis for a claim against a sales representative under the learned intermediary doctrine that imposes a duty on the *manufacturer* of the drug to warn the physicians. . . . [T]he manufacturers are the ones who are ultimately responsible and thus liable . . . for any alleged failure to provide information related to prescription drugs"); *In re Diet Drugs,* 2004 WL 2203712 at *2 ("sales representatives do not assume individual liability merely by participating in their employer's purported failure to provide adequate information"); *In re Diet Drugs,* 2004 WL1118714 at *4 ("in the prescription drug context . . . the duty to warn does not extend to sales representatives"); *Sobkowski,* 2004 WL 3569704 at **4-5 (no possible claim against sales representatives for misrepresenting safety of drug where they "did not act in their individual capacities and had no special knowledge of any alleged risks" of the drug); *see also Castrignano v. E.R. Squibb & Sons, Inc.,* 546 A.2d 775, 782-83 (R.I.

1988) (pharmaceutical manufacturers are the "experts" that "must carefully monitor the new developments and research that pertain to the drugs that they manufacture").

23. There is no reasonable basis to predict that the courts of Rhode Island would deviate from this established precedent holding that sales representatives have no duty to warn prescribing physicians or patients. General principles of negligence law in Rhode Island are consistent with this precedent. The existence of a duty of care is determined by examining the "relationship between the parties, the scope and burden of the obligation to be imposed upon the defendant, public policy considerations, and the forseeability of harm to the plaintiff." *See Selwyn v. Ward,* 879 A.2d 882, 887 (R.I. 2005) (citations omitted).

24. Here, all of these factors weigh against a finding of duty on the part of DeBiasio. First, the relationship between the parties does not support the imposition of such a duty. DeBiasio was an "employee, agent, servant, and/or marketing representative" for Merck. *See* Complaint, ¶ 4. As a pharmaceutical sales representative, her role was to provide licensed physicians such as Dr. Detorie with information, given to her by Merck, about Merck's pharmaceutical products and to provide professional samples of those products to physicians at their request under strict regulatory requirements set forth in FDA regulations. *See* 21 C.F.R. §203.31. Second, "the burden of the obligation to be imposed" on a sales representative would be enormous and misplaced, and would contravene public policy. Compared to the drug manufacturer and the physician, the sales representative is least able to independently investigate, analyze, and weigh the risks and benefits of pharmaceutical products and to provide a meaningful warning to physicians and patients. Finally, the Complaint does not allege that DeBiasio

had any knowledge of Dr. Detorie's personal medical conditions or history, and therefore she had no basis to evaluate the "foreseeability of harm" to him from taking Vioxx.

25. Further, the Complaint is devoid of any factual allegations supporting a claim that DeBiasio could be held liable for negligence. The Complaint does not allege that she acted outside the scope of her employment, that she had specialized training or expertise as a physician or scientist, that she had independent knowledge of the risks posed by Vioxx, that she had authority to provide information to the plaintiffs about Vioxx other than that provided to her by Merck, or that she acted in her individual capacity, as opposed to as a conduit for Merck. Under these circumstances, DeBiasio cannot be held liable as an agent for providing Dr. Detorie with information from Merck, even if the information were untrue. *See* Restatement 2d of Agency, § 348 cmt. b ("[a]n agent who makes untrue statements based upon the information given to him by the principal is not liable because of the fact that the principal knew the information to be untrue"); *Cardente v. Maggiacomo Ins. Agency*, 272 A.2d 155, 156 (R.I. 1971) ("[i]t has long been settled that an agent acting on behalf of a disclosed principal is not personally liable to a third party for acts performed within the scope of his authority"); *see also Legg v. Wyeth*, 428 F.3d 1317, 1324 (11th Cir. 2005) ("those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith") (citation omitted); *Catlett,* 379 F. Supp.2d at 1383 (sales representatives are agents who are "not responsible for the tortious acts of their employers"); *In re Rezulin,* 133 F. Supp.2d at 288 (as agent and employee, sales representative is "not 'the one best able' to prevent sales of defective drugs).

### (2) There Is No Legal Or Factual Basis for the Breach of Warranty Claims Against DeBiasio Because She Is Not A Seller Of Vioxx

26. As a matter of law, DeBiasio cannot be held liable for breach of express or implied warranty because she is not a "seller" of Vioxx and plaintiffs do not allege that she is a seller. *See* R. I. Gen. Laws §6A-2-313(1) (1956) (an express warranty is created by "*the seller*") (emphasis added); R. I. Gen. Laws §6A-2-314(1) (a warranty of merchantability is implied only if "*the seller* is a merchant with respect to goods of that kind") (emphasis added); R.I. Gen. Laws §6A-2-315 (a warranty of fitness for a particular purpose is implied only where "*the seller*" knows the buyer's reliance on seller's skill or judgment) (emphasis added); *see also Thomas v. Amway Corp.*, 488 A.2d 716, 720 (R.I. 1985) (plaintiff claiming breach of express warranty bears burden of proving that the statements "made *by the seller*" induced purchase of the product) (emphasis added)).[1]

27. Federal courts in pharmaceutical cases have specifically held that sales representatives are not sellers and therefore cannot be held liable for breach of warranty. *E.g., In re Rezulin,* 133 F. Supp.2d at 286 (sales representatives not "sellers" for purposes of warranty claims); *Sobkowski,* 2004 WL 3569704 at *7 (no possible breach of warranty claim against sales representatives because plaintiff was not in privity of contract with them); *see also In re Diet Drugs,* 2004 WL 1118714, at *4 (sales representatives not "sellers" for purposes of negligence or strict liability claims).

28. Furthermore, the Complaint does not contain any factual allegations concerning DeBiasio's supposed warranty of the promotional samples of Vioxx that she

[1] Count IV of plaintiffs' Complaint is titled "Breach of Express and Implied Warranty/Strict Liability." However, the claims described within that count do not allege strict liability.

provided to Dr. Detorie or any reliance by Dr. Detorie on warranty statements she allegedly made. The lack of any specific factual allegations is particularly striking here because of Dr. Detorie's alleged direct dealings with DeBiasio. The absence of any such allegations renders the warranty claims deficient as a matter of law. *Thomas,* 488 A.2d at 720 (to prove breach of warranty, plaintiff must show that statements made by the seller induced the purchase of the product in reliance on those statements).

29. For these reasons, plaintiffs have not established a colorable cause of action against DeBiasio for negligence or breach of warranty.[2] She is thus fraudulently joined in this action and her residency should be disregarded for purposes of removal. *See Gabrielle*, 210 F. Supp.2d at 66-67; *Mills*, 178 F. Supp.2d at 4-5 (citing *Polyplastics,* 713 F.2d at 877).

**B. The Amount In Controversy Requirement Is Satisfied**

30. It is apparent on the face of the Complaint that plaintiffs seek recovery of an amount in excess of $75,000, exclusive of costs and interest. Dr. Detorie seeks damages for, among other things, "blockages of his coronary arteries," "a myocardial infarction," "a left internal capsule stroke," and "permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses, and other related harm and damages." *See* Complaint, ¶¶ 23, 31. Plaintiff Margaret Detorie seeks damages for "loss of her husband's care, comfort, assistance, emotional support, financial support, companionship, and consortium." *See*

[2] Plaintiffs' remaining claim for loss of consortium is entirely derivative and dependent upon the success of their other claims. *Olshansky,* 872 A.2d at 291 (loss of consortium claim must fail where underlying tort and warranty claims fail). Because, for the reasons stated herein, DeBiasio cannot be held liable for negligence or breach of warranty, she similarly cannot be held liable for loss of consortium.

Complaint, ¶ 38. Plaintiffs allege that these injuries were caused by Dr. Detorie's use of Vioxx. *See, e.g.*, Complaint, ¶¶ 23, 27, 31, 38.

31. Federal courts confronted with similar complaints in which plaintiffs alleged that they suffered similar injuries as a result of their use of Vioxx have found that they have subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and, either explicitly or implicitly, concluded that the amount in controversy exceeded $75,000. *See, e.g., Porter v. Merck & Co., Inc.*, No. 4:03CV12LN, Memorandum and Order at 2 (S.D. Miss. June 17, 2003) (attached as Exhibit C); *Zeedyk v. Merck & Co., Inc.*, No. 02C4203, Order at 2 (N.D. Ill. Aug. 30, 2002) (attached as Exhibit D).

32. Thus, by a preponderance of the evidence, plaintiffs' claim for damages exceeds $75,000. *See Gabrielle,* 210 F. Supp.2d at 65 (noting that "where the complaint does not contain a specific monetary amount, the defendant must show by a preponderance of the evidence that the amount in controversy satisfies the minimum jurisdictional amount for diversity cases").

WHEREFORE, defendant Merck respectfully removes this action from the Superior Court, County of Providence, State of Rhode Island, pursuant to 28 U.S.C. § 1441.

DATED: Providence, Rhode Island
February 8, 2006

Respectfully submitted,

DEFENDANT MERCK & CO., INC.

By: ______________________

Christine K. Bush (#5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid, on this 8th day of February, 2006 to:

John Quattrocchi, III, Esq.
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917

Joseph L. Doherty, Jr., Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110

H:\Clients\Merck\Detorie\Pleadings\Notice of Removal.DOC