STATE OF RHODE ISLAND

PROVIDENCE COUNTY. SUPERIOR COURT CIVIL ACTION NO

| | |
|---|---|
| **FRANK DETORIE, M.D. AND MARGARET DETORIE** Plaintiffs, | ) |
| v. | ) |
| **MERCK & CO., INC. and CAROL DEBIASIO,** Defendants. | ) |

**COMPLAINT**

**THE PLAINTIFFS, FRANK DETORIE AND MARGARET DETORIE, HEREBY DEMAND A JURY TRIAL UPON ALL CLAIMS AND ISSUES.**

**THE PARTIES**

1. The Plaintiff, Frank Detorie, M.D.,, is a resident of Lincoln, Providence County, Rhode Island.

2. The Plaintiff, Margaret Detorie, is a resident of Lincoln, Providence County, Rhode Island, and is the wife of the Plaintiff, Frank Detorie.

3. The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Rhode Island.

4. The Defendant, Carol DeBiasio, is an individual residing in Rhode Island and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

M00187094O

**FACTS**

5. The Plaintiffs' causes of action against the out of state Defendant, Merck, arise from Merck's: (a) transacting business in Rhode Island; (b) contracting to supply and/or sell goods in Rhode Island; (c) doing or causing a tortious act to be done within the Rhode Island; and/or (d) causing the consequence of a tortious act to occur within Rhode Island.

6. The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), breached its express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx prior to and after October 1, 2002.

7. The Defendant, Carol DeBiasio, (hereinafter "DeBiasio") carelessly and negligently marketed, promoted and distributed Vioxx directly to Frank Detorie, M.D., breached express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank Detorie, M.D., prior to and after October 1, 2002.

8. Vioxx was, since its introduction to the market in 1997, and is, unreasonably dangerous and defective and unsafe for its intended use.

9. The Defendant, Merck, intentionally and/or negligently misrepresented to physicians, to the general public and to Frank Detorie, M.D., that Vioxx was safe and did not pose any cardiovascular risks when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

10. The Defendant, DeBiasio, as an employee, agent, servant, and/or marketing representative of Merck, intentionally and/or negligently misrepresented to physicians, to other members of the public and to Frank Detorie, M.D., that Vioxx was safe and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, unsafe for its intended use and did pose cardiovascular risks.



M00187094I

11. Prior to and after September 17, 2001, the Defendants, Merck and DeBiasio, marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

12. On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

13. The Defendants, Merck and DeBiasio, ignored and/or failed to comply with the requirements of the FDA warning letter of September 17, 2001, and did not provide any appropriate warnings or advice to physicians, to the general public or to Frank Detorie, M.D., concerning the cardiovascular risks of Vioxx, as instructed by the FDA.

14. By at least August, 2001, the Defendants were aware that their product, Vioxx, was linked to an increase in the risk of blood clots, heart attacks and strokes. Despite this knowledge, Defendant Merck continued to manufacture, market, distribute and sell this dangerous product and Defendant DeBiasio continued to market, promote and distribute Vioxx to the Plaintiff, Frank Detorie, M.D.

15. Plaintiff, Frank Detorie, M.D., took Vioxx on a regular/daily basis from approximately 1999 until after April of 2003. He received the Vioxx from Merck, as promotional samples, supplied to him for his own personal use by Merck's authorized representative Carol DeBiasio.

16. During this time period, Merck and DeBiasio were aware of the unreasonably dangerous and defective nature of Vioxx. Nevertheless, Merck continued to manufacture, market, advertise, distribute, promote and sell Vioxx, and DeBiasio continued to promote and supply Vioxx to Frank Detorie, M.D., without providing any adequate or appropriate warnings as to the risks of Vioxx.

17. On September 30, 2004 Merck withdrew Vioxx from the market, thereby acknowledging the unreasonably dangerous and a defective nature of Vioxx and acknowledging that it was unsafe and unfit for its intended use.

18. During the year 2003, Vioxx sales generated more than $2.5 billion dollars in gross revenues for Merck.

19. At all times pertinent hereto, Vioxx was produced, manufactured, fabricated, supplied and/or sold by the Defendants and reached the Plaintiff, Frank Detorie, M.D., through Merck's authorized sales representative, Carol DeBiasio, without any changes in the condition of the product from the time that it was produced.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE AGAINST MERCK

20. Plaintiff realleges the allegations of Paragraphs 1 through 19 of this Complaint, and incorporates them by reference herein.

21. Merck had a legal duty to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising, and sale and distribution of Vioxx, to the general public and to Frank Detorie, M.D.

22. The Defendant, Merck, failed to exercise such reasonable care and was thereby negligent.

23. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Merck, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, Merck, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

COUNT II
NEGLIGENCE AGAINST CAROL DEBIASIO

24. Plaintiff realleges the allegations of Paragraphs 1 through 23 of this Complaint, and incorporates them by reference herein.

25. Carol DeBiasio had a legal duty to exercise reasonable care in the marketing, promotion and distribution of Vioxx to Frank Detorie, M.D. and to warn him of the risks of Vioxx.

26. The Defendant, DeBiasio, failed to exercise such reasonable care and was thereby negligent.

27. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, DeBiasio, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages..

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, DeBiasio, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

COUNT III
BREACH OF EXPRESS AND IMPLIED WARRANTY/STRICT LIABILITY

AGAINST MERCK

28. The Plaintiff realleges the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them by reference herein.

29. Merck expressly and impliedly warranted that Vioxx was safe for its intended use.

30. Merck breached its express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank



M00187094

Detorie, M.D., because Vioxx was, and is, unreasonably dangerous and defective and unsafe for its intended use.

31. As a direct and proximate result of these breaches of express and implied warranties by the Defendant, Merck, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, Merck, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

COUNT IV
BREACH OF EXPRESS AND IMPLIED WARRANTY/STRICT LIABILITY

AGAINST DEBIASIO

32. The Plaintiff realleges the allegations contained in Paragraphs 1 through 31 of this Complaint, and incorporates them by reference herein.

33. Carol DeBiasio expressly and impliedly warranted directly to Frank Detorie, M.D., that Vioxx was safe for its intended use

34. Carol DeBiasio breached these express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank Detorie, M.D., because Vioxx was, and is, unreasonably dangerous and defective and unsafe for its intended use.

35. As a direct and proximate result of these breaches of express and implied warranties by the Defendant, DeBiasio, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.



M00187094S

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, DeBiasio, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

COUNT V
LOSS OF CONSORTIUM AGAINST MERCK AND DEBIASIO

36. The Plaintiff, Margaret Detorie realleges the allegations contained in Paragraphs 1 through 35 of this Complaint, and incorporates them by reference herein.

37. The Plaintiff, Margaret Detorie, is married to the Plaintiff, Frank Detorie and has been his wife at all times relevant to this action.

38. As a direct and proximate result of the negligence and breaches of express and implied warranties by the Defendants, Merck and DeBiasio, and the resulting injuries and damages sustained by the Plaintiff, Frank Detorie, M.D., as set forth above, the Plaintiff Margaret Detorie has sustained and will continue to suffer the loss of her husband's care, comfort, assistance, emotional support, financial support, companionship and consortium.

**WHEREFORE,** the Plaintiff, Margaret Detorie, demands Judgment against the Defendants, Merck and DeBiasio, for the fair and reasonable value of all injuries and damages she sustained as a result of her husband's injuries, caused by the drug Vioxx.

Respectfully submitted by

Counsel for the Plaintiffs

John Quattrocchi, III
Bar # 109
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917
(401)231-3700



M00187094б

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**
**C.A. No. 05-5083**

**FRANK DETORIE, M.D. AND MARGARET DETORIE**
Plaintiffs,

v.

**MERCK & CO., INC. and CAROL DEBIASIO,**
Defendants.

**CLIENT CERTIFICATION**

We, Frank Detorie, M.D. and Margaret Detorie, certify that:

1. We are the Plaintiffs in this case;

2. We are aware that Attorney Joseph L. Doherty, Jr., is not a member of the Rhode Island bar, but that he has applied for permission to appear in this case on our behalf;

3. We are also aware that if Attorney Joseph L. Doherty, Jr., is permitted to appear in this case, we will also be required to engage as co-counsel and pay for the services of a lawyer who is a member of the Rhode Island bar;

4. We are also aware that the Rhode Island lawyer engaged must be fully prepared to assume complete responsibility for the case at any time, and may be required to conduct the trial/hearing/appeal in this case on our behalf;

5. Having been advised of the matters set forth above, we support the request of Attorney Joseph L. Doherty, Jr., to be permitted to appear in this case on our behalf, in accordance with the rules of this Court and of the Supreme Court of the State of Rhode Island.

M001870947

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT
C.A. No. 05-5083

| | |
|---|---|
| **FRANK DETORIE, M.D. AND MARGARET DETORIE** Plaintiffs, | ) |
| v. | ) |
| **MERCK & CO., INC. and CAROL DEBIASIO,** Defendants. | ) |

Motion

**MISCELLANEOUS PETITION FOR ADMISSION PRO HAC VICE**

John Quattrocchi, III, Petitioner, hereby requests that Joseph L. Doherty, Jr., be admitted pro hac vice in the above-case/agency proceeding as associate trial counsel with local associate counsel identified below, on the following grounds:

X The case/agency proceeding involves the following complex areas of the law. in which pro hac vice counsel concentrates:

*This is a product liability action involving the drug Vioxx, which the Defendant, Merck, removed from the market in September. 2004, due to cardiac risks. Attorney Doherty is involved in other cases relating to Vioxx, has significant knowledge concerning Vioxx and the medical issues raised in such cases, has extensive experience in product liability actions and has more than twenty-five years of experience in preparing and trying cases involving complex medical issues.*

[ ] Pro hac vice counsel's long-standing representation of the client:

________________________________________

[ ] The local trial bar lacks experience in the field of:

________________________________________

[ ] The case/agency proceeding involves complex legal questions under the law of a foreign jurisdiction with which pro hac vice counsel is familiar, specifically:

Hearing Date; 1-11-06

M00187094B

______________________________________________

[ ] The case/agency proceeding requires extensive discovery in a foreign jurisdiction convenient to pro hac vice counsel, as follows:

______________________________________________

[ ] It is a criminal case, and pro hac vice counsel is defendant's counsel of choice.

[ ] Other:______________________________________

I hereby represent that I am a member in good standing of the bar of the State of Rhode Island and that I am actively engaged in the practice of law out of an office located in this state.

[signature] #109
Attorney for: The Plaintiffs, Frank Detorrie, M.D. and Margaret Detorrie

Dated: 12-16-05

Joseph L. Doherty, Jr. [signature]
Pro Hac Vice Counsel

**CERTIFICATE OF SERVICE**

As the Plaintiff is in the process of obtaining service of the Summons and Complaint upon the Defendants, I, John Quattrocchi, III, hereby certify that a true copy of the within petition for admission pro hac vice, with accompanying attorney and client certifications, will be served upon the Defendants contemporaneously with the Summons and Complaint.

[signature]

M001870949

Witness

Signature

MARGARET DETORIE
Print Name

12-16-05
Date

Witness

Signature

FRANK M. DETORIE
Print Name

12/16/05
Date

M001870950

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**
**C.A. No. 05-5083**

**FRANK DETORIE, M.D. AND MARGARET DETORIE**
Plaintiffs,

v.

**MERCK & CO., INC. and CAROL DEBIASIO,**
Defendants.

**ATTORNEY CERTIFICATION FOR PRO HAC VICE ADMISSION**

1. I certify that I am a member in good standing of the bar of the State of Massachusetts, without any restriction on my eligibility to practice, and that I understand my obligation to notify this Court immediately of any change respecting my status in this respect.

2. Within the preceding sixty (60) months, I was or am currently admitted pro hac vice, or have applied to be admitted pro hac vice, in the following cases or proceedings in this State:

*In 1999, I was admitted pro hac vice in a medical malpractice action entitled Freelove v. Bodner, M.D., et al, Providence Superior Court, Civil Action # 98-4402. I represented one of the defendants in the case, Dr. Bodnar, until approximately November, 2003. Dr. Bodnar's insurance carrier had been purchased by another carrier. At the new carrier's request, I transferred Dr. Bodnar's defense to their local counsel in Rhode Island.*

3. I have read, acknowledge, and agree to observe and to be bound by the local rules and orders of this Court, including the Rules of Professional Conduct of the Rhode Island Supreme Court, as the standard of conduct for all attorneys appearing before it.

4. I acknowledge that if specially admitted to appear in the above-entitled matter that I will be subject to the disciplinary procedures of the Rhode Island Supreme Court. I hereby authorize the disciplinary authorities of the bar of the State of Massachusetts to release any information concerning my practice in said State(s) pursuant to the request of the Disciplinary Counsel of the Rhode Island Supreme Court.

5. For purposes of this case I have associated with local associate counsel

M00187095I

identified below, and have read, acknowledge, and will observe the requirements of this Court respecting the participation of local associate counsel, recognizing that failure to do so may result in my being disqualified, either upon the Court's motion or motion of other parties in the case.

Joseph L. Doherty, Jr., BBO# 127280 (MA)
Doherty& Quill
225 Franklin Street, 26th Floor
Boston, MA 02110
(617) 217-2837

CERTIFICATION OF LOCAL ASSOCIATE COUNSEL

I certify that I have read and join in the foregoing Certification, and acknowledge and agree to observe the requirements of this Court as related to the participation and responsibilities of local associate counsel.

John Quattrocchi, III
Bar # 109
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917
(401)231-3700

M001870952

Cors

# State of Rhode Island and Providence Plantations

## SUPERIOR COURT

[x] PROVIDENCE/BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

A True Copy Attest
1/9/06 Michael [illegible]
Constable

CIVIL ACTION, FILE No. PC05-5083

Frank Detorie, MD, et al
Plaintiff

Merck & Co., Inc.
Carol DiBiasio, alias
Defendant

**Summons**

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon John Quattrocchi III Plaintiff's attorney, whose address is 2 Douglas Pike Smithfield, RI 02917 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

[signature]
CLERK

Dated: 12-21-05

(Seal of the Superior Court)

S- 135 (REV. 10/00)

M001870953

# State of Rhode Island and Providence Plantations

..........................................,SC

## PROOF OF SERVICE

I hereby certify that on the .......................................... day of ................................................ I served a copy of this summons and a copy of the complaint received therewith upon ...................................................................................................

....................................................................................................................................................................

in the following manner:

By delivering a copy of the summons and complaint to him/her personally.

By leaving a copy of the summons and complaint at his/her dwelling house,.......................................................

......................................................................................................, with a person of suitable age and discretion then residing therein. (Address)

By leaving a copy of the summons and complaint at his/her usual place of abode, ..........................................
......................................................................................................, with a person of suitable age and discretion then residing therein.

By delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process, namely ....................................................................................................................

such agent being one designated by statute to receive service, further notice as the statute requires was given as follows:

....................................................................................................................................................................

....................................................................................................................................................................

....................................................................................................................................................................

Sheriff's Fees

Travel ......................... $.............................

Service ......................... $.............................

$.............................

..............................................................................
Deputy Sheriff

CIVIL ACTION

FILE NO. ............ PCSC05-5083

SUMMONS

SUPERIOR COURT

~~Frank Detorie, MD e~~

VS

~~Merck& Co., Inc &~~

Carol DeBiasio alia

ATTORNEY FOR PLAINTIFF

John Quattrocchi, III
2 Douglas Pike
Smithfield, RI 02917
231-3700

NOTE: Returnable to Plaintiff's Attorney forthwith after service. Proof of service to be filed within time during which the person served must respond.

M001870954

**CT CORPORATION**
*A WoltersKluwer Company*

**Service of Process Transmittal**
01/09/2006
Log Number 510830762

RECEIVED
JAN 10 2006

**TO:** Debra A Bollwage 519047798999
Merck & Co., Inc.
One Merck Drive
Whitehouse Station, NJ, 08889-0100

**RE:** **Process Served in Rhode Island**

**FOR:** Merck & Co., Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frank Detorie, MD, et al., Pltf. vs. Merck & Co., Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint,Misc. Petition for Admission Pro Hac Vice, Client Certification, Attorney Certification |
| **COURT/AGENCY:** | Superior Court Providence/Bristol, RI<br>Case # PC05-5083 |
| **NATURE OF ACTION:** | Personal Injury - Alleging Medical Negligence |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Providence, RI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/09/2006 at 11:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 Days |
| **ATTORNEY(S) / SENDER(S):** | John Quattrocchi, Esq.<br>2 Douglas Pike<br>Smithfield, RI, 02917 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight, 790772062655 |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 10 Weybosset Street - 9th Floor<br>Providence, RI, 02903 |
| **TELEPHONE:** | 401-861-7400 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

M001870955