STATE OF RHODE ISLAND

PROVIDENCE
COUNTY.

SUPERIOR COURT
CIVIL ACTION NO

PC05-5083

**FRANK DETORIE, M.D. AND MARGARET DETORIE**,
Plaintiffs,

v.

**MERCK & CO., INC. and CAROL DEBIASIO**,
Defendants.

**COMPLAINT**

**THE PLAINTIFFS, FRANK DETORIE AND MARGARET DETORIE, HEREBY DEMAND A JURY TRIAL UPON ALL CLAIMS AND ISSUES.**

**THE PARTIES**

1. The Plaintiff, Frank Detorie, M.D.,, is a resident of Lincoln, Providence County, Rhode Island.

2. The Plaintiff, Margaret Detorie, is a resident of Lincoln, Providence County, Rhode Island, and is the wife of the Plaintiff, Frank Detorie.

3. The Defendant, Merck & Co. Inc. ("Merck"), is a New Jersey corporation having a principal place of business in the state of New Jersey, and regularly conducts business in the Rhode Island.

4. The Defendant, Carol DeBiasio, is an individual residing in Rhode Island and was, at all times relevant to this case, an employee, agent, servant, and/or marketing representative for the Defendant, Merck.

Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 SEP 30 A 10: 22

## FACTS

5. The Plaintiffs' causes of action against the out of state Defendant, Merck, arise from Merck's: (a) transacting business in Rhode Island; (b) contracting to supply and/or sell goods in Rhode Island; (c) doing or causing a tortious act to be done within the Rhode Island; and/or (d) causing the consequence of a tortious act to occur within Rhode Island.

6. The Defendant, Merck, carelessly and negligently developed, tested, produced, manufactured, marketed, distributed, advertised, and sold the drug Vioxx, the trade name of the generic drug Rofecoxib, an anti-inflammatory pain medication (hereinafter "Vioxx"), breached its express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx prior to and after October 1, 2002.

7. The Defendant, Carol DeBiasio, (hereinafter "DeBiasio") carelessly and negligently marketed, promoted and distributed Vioxx directly to Frank Detorie, M.D., breached express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank Detorie, M.D., prior to and after October 1, 2002.

8. Vioxx was, since its introduction to the market in 1997, and is, unreasonably dangerous and defective and unsafe for its intended use.

9. The Defendant, Merck, intentionally and/or negligently misrepresented to physicians, to the general public and to Frank Detorie, M.D., that Vioxx was safe and did not pose any cardiovascular risks when it knew, or should have known, that Vioxx was unreasonably dangerous and defective and did pose cardiovascular risks.

10. The Defendant, DeBiasio, as an employee, agent, servant, and/or marketing representative of Merck, intentionally and/or negligently misrepresented to physicians, to other members of the public and to Frank Detorie, M.D., that Vioxx was safe and did not pose any cardiovascular risks, when she knew, or should have known, that Vioxx was unreasonably dangerous and/or defective, unsafe for its intended use and did pose cardiovascular risks.

11. Prior to and after September 17, 2001, the Defendants, Merck and DeBiasio, marketed, promoted, advertised and/or distributed Vioxx in violation of FDA requirements, standards, regulations, restrictions, and/or recommendations.

12. On or about September 17, 2001, the Defendant, Merck, received a warning letter from the FDA informing Merck of its violations of FDA regulations, standards, requirements, restrictions, and/or recommendations concerning Merck's marketing, promoting, advertising, and distribution of Vioxx.

13. The Defendants, Merck and DeBiasio, ignored and/or failed to comply with the requirements of the FDA warning letter of September 17, 2001, and did not provide any appropriate warnings or advice to physicians, to the general public or to Frank Detorie, M.D., concerning the cardiovascular risks of Vioxx, as instructed by the FDA.

14. By at least August, 2001, the Defendants were aware that their product, Vioxx, was linked to an increase in the risk of blood clots, heart attacks and strokes. Despite this knowledge, Defendant Merck continued to manufacture, market, distribute and sell this dangerous product and Defendant DeBiasio continued to market, promote and distribute Vioxx to the Plaintiff, Frank Detorie, M.D.

15. Plaintiff, Frank Detorie, M.D., took Vioxx on a regular/daily basis from approximately 1999 until after April of 2003. He received the Vioxx from Merck, as promotional samples, supplied to him for his own personal use by Merck's authorized representative Carol DeBiasio.

16. During this time period, Merck and DeBiasio were aware of the unreasonably dangerous and defective nature of Vioxx. Nevertheless, Merck continued to manufacture, market, advertise, distribute, promote and sell Vioxx, and DeBiasio continued to promote and supply Vioxx to Frank Detorie, M.D., without providing any adequate or appropriate warnings as to the risks of Vioxx.

17. On September 30, 2004 Merck withdrew Vioxx from the market, thereby acknowledging the unreasonably dangerous and a defective nature of Vioxx and acknowledging that it was unsafe and unfit for its intended use.

18. During the year 2003, Vioxx sales generated more than $2.5 billion dollars in gross revenues for Merck.

19. At all times pertinent hereto, Vioxx was produced, manufactured, fabricated, supplied and/or sold by the Defendants and reached the Plaintiff, Frank Detorie, M.D., through Merck's authorized sales representative, Carol DeBiasio, without any changes in the condition of the product from the time that it was produced.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE AGAINST MERCK

20. Plaintiff realleges the allegations of Paragraphs 1 through 19 of this Complaint, and incorporates them by reference herein.

21. Merck had a legal duty to exercise reasonable care in the manufacture, fabricating, testing, inspection, production, marketing, packaging, promotion, distribution, advertising, and sale and distribution of Vioxx, to the general public and to Frank Detorie, M.D.

22. The Defendant, Merck, failed to exercise such reasonable care and was thereby negligent.

23. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, Merck, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, Merck, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

## COUNT II
## NEGLIGENCE AGAINST CAROL DEBIASIO

24. Plaintiff realleges the allegations of Paragraphs 1 through 23 of this Complaint, and incorporates them by reference herein.

25. Carol DeBiasio had a legal duty to exercise reasonable care in the marketing, promotion and distribution of Vioxx to Frank Detorie, M.D. and to warn him of the risks of Vioxx.

26. The Defendant, DeBiasio, failed to exercise such reasonable care and was thereby negligent.

27. As a direct and proximate result of the negligence and lack of reasonable care of the Defendant, DeBiasio, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages..

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, DeBiasio, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

## COUNT III
## BREACH OF EXPRESS AND IMPLIED WARRANTY/STRICT LIABILITY

## AGAINST MERCK

28. The Plaintiff realleges the allegations contained in Paragraphs 1 through 27 of this Complaint, and incorporates them by reference herein.

29. Merck expressly and impliedly warranted that Vioxx was safe for its intended use.

30. Merck breached its express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank

Detorie, M.D., because Vioxx was, and is, unreasonably dangerous and defective and unsafe for its intended use.

31. As a direct and proximate result of these breaches of express and implied warranties by the Defendant, Merck, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, Merck, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

## COUNT IV
## BREACH OF EXPRESS AND IMPLIED WARRANTY/STRICT LIABILITY
## AGAINST DEBIASIO

32. The Plaintiff realleges the allegations contained in Paragraphs 1 through 31 of this Complaint, and incorporates them by reference herein.

33. Carol DeBiasio expressly and impliedly warranted directly to Frank Detorie, M.D., that Vioxx was safe for its intended use

34. Carol DeBiasio breached these express and implied warranties relating to Vioxx, failed to adequately warn of the risks of Vioxx and misrepresented the risks of Vioxx directly to Frank Detorie, M.D., because Vioxx was, and is, unreasonably dangerous and defective and unsafe for its intended use.

35. As a direct and proximate result of these breaches of express and implied warranties by the Defendant, DeBiasio, the Plaintiff, Frank Detorie, M.D., sustained blockages of his coronary arteries and suffered a myocardial infarction on October 1, 2002, and suffered a left internal capsule stroke in April, 2003, resulting in permanent physical injury, permanent disability, physical pain and emotional suffering, lost earning capacity, loss of enjoyment of life, medical expenses and other related harm and damages.

**WHEREFORE,** the Plaintiff, Frank Detorie, demands Judgment against the Defendant, DeBiasio, for the fair and reasonable value of all injuries and damages he sustained as a result of the drug Vioxx.

COUNT V
LOSS OF CONSORTIUM AGAINST MERCK AND DEBIASIO

36. The Plaintiff, Margaret Detorie realleges the allegations contained in Paragraphs 1 through 35 of this Complaint, and incorporates them by reference herein.

37. The Plaintiff, Margaret Detorie, is married to the Plaintiff, Frank Detorie and has been his wife at all times relevant to this action.

38. As a direct and proximate result of the negligence and breaches of express and implied warranties by the Defendants, Merck and DeBiasio, and the resulting injuries and damages sustained by the Plaintiff, Frank Detorie, M.D., as set forth above, the Plaintiff Margaret Detorie has sustained and will continue to suffer the loss of her husband's care, comfort, assistance, emotional support, financial support, companionship and consortium.

**WHEREFORE,** the Plaintiff, Margaret Detorie, demands Judgment against the Defendants, Merck and DeBiasio, for the fair and reasonable value of all injuries and damages she sustained as a result of her husband's injuries, caused by the drug Vioxx.

Respectfully submitted by

Counsel for the Plaintiffs

John Quattrocchi, III
Bar # 109
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917
(401)231-3700