**STATE OF RHODE ISLAND**

**PROVIDENCE COUNTY** **SUPERIOR COURT**

FRANK DETORIE, M.D. AND
MARGARET DETORIE

Plaintiffs,

V. : CASE NO. PC05-5083

MERCK & CO., INC. AND
CAROL DEBIASIO

Defendants.

**ANSWER AND JURY DEMAND OF**
**DEFENDANT CAROL DEBIASIO**

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

Defendant Carol DeBiasio ("DeBiasio") by her undersigned attorney, answers the Complaint and submits its Jury Demand herein as follows:

**RESPONSE TO "THE PARTIES"**

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint.

3. The allegations contained in paragraph 3 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph except admits that Merck & Co., Inc. ("Merck") is a New Jersey corporation with its

principal place of business at One Merck Drive, Whitehouse Station, New Jersey, and that Merck is authorized to do business in the state of Rhode Island.

4. Denies each and every allegation contained in paragraph 4 of the Complaint except admits that DeBiasio resides in the state of Rhode Island and is employed by Merck as a professional representative.

**RESPONSE TO "FACTS"**

5. The allegations contained in paragraph 5 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in clauses (a) through (d) of paragraph 5 of the Complaint except admits that Merck is authorized to do business in the state of Rhode Island.

6. The allegations contained in paragraph 6 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx® ("Vioxx"), which is the brand name for Rofecoxib, until Merck voluntarily withdrew Vioxx from the worldwide market on September 30, 2004, and that Vioxx reduces pain and inflammation, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

7. DeBiasio denies each and every allegation contained in paragraph 7 of the Complaint.

8. Denies each and every allegation contained in paragraph 8 of the Complaint.

9. The allegations contained in paragraph 9 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

10. Denies each and every allegation contained in paragraph 10 of the Complaint except admits that DeBiasio is employed by Merck as a professional representative.

11. Denies each and every allegation contained in paragraph 11 of the Complaint that is directed toward DeBiasio. The remaining allegations contained in said paragraph are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph.

12. The allegations contained in paragraph 12 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph except admits that Merck received a letter from Thomas W. Abrams of the FDA's Division of Drug Marketing, Advertising, and Communications ("DDMAC") in September 2001 and respectfully refers the Court to that letter for its actual language and full text.

13. Denies each and every allegation contained in paragraph 13 of the Complaint that is directed toward DeBiasio, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. The

remaining allegations contained in said paragraph are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph.

14. Denies each and every allegation contained in paragraph 14 of the Complaint that is directed toward DeBiasio. The remaining allegations contained in said paragraph are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph, except admits that Merck manufactured, monitored and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of paragraph 15 of the Complaint. Denies each and every allegation contained in the second sentence of paragraph 15 of the Complaint, except admits that DeBiasio is employed by Merck as a professional representative.

16. Denies each and every allegation contained in paragraph 16 of the Complaint that is directed toward DeBiasio, and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text. The remaining allegations contained in said paragraph are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph.

17. The allegations contained in paragraph 17 of the Complaint are not directed toward DeBiasio and therefore no responsive pleading is required. Should a

response be deemed required, DeBiasio denies each and every allegation contained in said paragraph except admits that on September 30, 2004 Merck announced the voluntary worldwide withdrawal of Vioxx and respectfully refers the Court to the referenced announcement for its actual language and full text. Merck further avers that it announced on September 30, 2004 that in a prospective, randomized, placebo-controlled clinical trial there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in the patients taking Vioxx compared with those taking placebo and that, given the availability of alternative therapies and questions raised by data from that trial, Merck concluded that a voluntary worldwide withdrawal of Vioxx best served the interests of the patients.

18. Denies each and every allegation contained in paragraph 18 except admits that 2003 Vioxx worldwide sales figures exceeded $2 billion.

19. Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in said paragraph except admits that Merck manufactured, marketed, and distributed the prescription medicine Vioxx until it voluntarily withdrew Vioxx from the worldwide market on September 30, 2004.

## RESPONSE TO "COUNT I – NEGLIGENCE AGAINST MERCK"

20. – 23. The allegations contained in Count One are not directed toward DeBiasio and therefore no responsive pleading is required.

## RESPONSE TO "COUNT II – NEGLIGENCE AGAINST CAROL DEBIASIO"

24. DeBiasio repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 23 in its response to Count Two with the same force and effect as though set forth here in full.

25. The allegations contained in paragraph 25 of the Complaint are legal conclusions to which no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph and respectfully refers the Court to the relevant legal standard, including any conflict of laws rules.

26. DeBiasio denies each and every allegation contained in paragraph 26 of the Complaint.

27. DeBiasio denies each and every allegation contained in paragraph 27 of the Complaint.

Plaintiffs' "Prayer for Relief" is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint, except admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for said relief.

**RESPONSE TO "COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTY / STRICT LIABILITY AGAINST MERCK"**

28. – 31. The allegations contained in Count Three are not directed toward DeBiasio and therefore no responsive pleading is required.

**RESPONSE TO "COUNT IV –**
**BREACH OF EXPRESS AND IMPLIED**
**WARRANTY / STRICT LIABILITY AGAINST DEBIASIO"**

32. DeBiasio repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 31 in its response to Count Four with the same force and effect as though set forth here in full.

33. The allegations contained in paragraph 33 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Merck denies each and every allegation contained in said paragraph and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

34. Denies each and every allegation contained in paragraph 34 of the Complaint and respectfully refers the Court to the FDA-approved prescribing information for Vioxx for its actual language and full text.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

Plaintiffs' "Prayer for Relief" is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint, except admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for said relief.

**RESPONSE TO "COUNT V –**
**LOSS OF CONSORTIUM AGAINST MERCK AND DEBIASIO"**

36. DeBiasio repeats and re-alleges each and every admission, denial, averment, and statement contained in paragraphs 1 through 35 in its response to Count Five with the same force and effect as though set forth here in full.

37. Denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint that is directed toward DeBiasio. The remaining allegations contained in said paragraph are not directed toward DeBiasio and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation contained in said paragraph.

Plaintiffs' "Prayer for Relief" is not an allegation and therefore no responsive pleading is required. Should a response be deemed required, DeBiasio denies each and every allegation in the Prayer for Relief of Plaintiffs' Complaint, except admits that Plaintiffs purport to state a claim for damages, but denies that there is any legal or factual basis for said relief.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defenses, DeBiasio alleges as follows:

### AS FOR A FIRST DEFENSE, DEBIASIO ALLEGES:

Each and every claim asserted or raised in the Complaint is barred by the applicable statute of limitations and is otherwise untimely.

### AS FOR A SECOND DEFENSE, DEBIASIO ALLEGES:

The Complaint fails to state a claim upon which relief can be granted.

**AS FOR A THIRD**
**DEFENSE, DEBIASIO ALLEGES:**

Each and every claim asserted or raised in the Complaint is barred by the doctrines of estoppel, waiver or statutory and regulatory compliance.

**AS FOR A FOURTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries or losses were caused in whole or in part through the operation of nature or other intervening cause or causes.

**AS FOR A FIFTH**
**DEFENSE, DEBIASIO ALLEGES:**

To the extent that Plaintiffs assert claims based on DeBiasio's adherence to and compliance with applicable federal laws, regulations and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

**AS FOR A SIXTH**
**DEFENSE, DEBIASIO ALLEGES:**

To the extent that Plaintiffs assert claims based upon an alleged failure by DeBiasio to warn Plaintiff Frank Detorie, M.D., directly of alleged dangers associated with the use of Vioxx, such claims are barred under the learned intermediary doctrine.

**AS FOR A SEVENTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are barred in whole or in part because Vioxx "provides net benefits for a class of patients" within the meaning of comment f to Section 6 of the Restatement (Third) of Torts: Product Liability.

**AS FOR AN EIGHTH**
**DEFENSE, DEBIASIO ALLEGES:**

Any liability that might otherwise be imposed upon this Defendant is subject to reduction by the application of the doctrine of comparative negligence, R.I. Gen. § Laws 9-20-4 (2006).

**AS FOR A NINTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were caused in whole or in part by the contributory negligence of the allegedly injured Plaintiffs.

**AS FOR A TENTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses were only so sustained after Plaintiff Frank Detorie, M.D., knowingly, voluntarily, and willfully assumed the risk of any injury as the result of the consumption of, administration of, or exposure to any drug or pharmaceutical preparation manufactured or distributed by Merck or other manufacturer.

**AS FOR AN ELEVENTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Merck and over whom Merck had no control and for whom Merck may not be held accountable.

**AS FOR A TWELFTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were proximately caused by Plaintiff Frank Detorie's misuse or abuse of Vioxx.

**AS FOR A THIRTEENTH**
**DEFENSE, DEBIASIO ALLEGES:**

If Plaintiffs have sustained injuries or losses as alleged in the Complaint, such injuries or losses resulted from Plaintiffs' pre-existing and unrelated medical, genetic and environmental conditions, diseases, or illnesses, subsequent medical conditions or natural courses of conditions for which this Defendant is not responsible.

**AS FOR A FOURTEENTH**
**DEFENSE, DEBIASIO ALLEGES:**

To the extent that Plaintiffs rely upon any theory of breach of warranty, such claims are also barred for lack of timely notice of breach and lack of privity and because the alleged warranties were disclaimed.

**AS FOR A FIFTEENTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are barred, in whole or in part, under the applicable state law because Vioxx was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**AS FOR A SIXTEENTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are barred in whole or in part by the First Amendment.

**AS FOR A SEVENTEENTH**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

Plaintiffs' claims are barred in whole or in part because the product at issue was made in accordance with the state of the art at the time it was manufactured.

**AS FOR AN EIGHTEENTH**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

Plaintiffs' claims are barred in whole or in part under comment k to Section 402A of the Restatement (Second) of Torts.

**AS FOR A NINETEENTH**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

Plaintiffs' claims are barred in whole or in part because DeBiasio provided legally adequate "directions or warnings" as to the use of Vioxx and any other drug or pharmaceutical preparation Plaintiffs allege to have taken within the meaning of comment j to Section 402A of the Restatement (Second) of Torts.

**AS FOR A TWENTIETH**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

Plaintiffs' claims are barred under Section 4, *et. seq.*, of the Restatement (Third) of Torts: Products Liability.

**AS FOR A TWENTY-FIRST**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

This case is more appropriately brought in a different venue.

**AS FOR A TWENTY-SECOND**
**<u>DEFENSE, DEBIASIO ALLEGES</u>:**

To the extent Plaintiffs settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, DeBiasio's liability, if any, should be reduced accordingly.

**AS FOR A TWENTY-THIRD**
**DEFENSE, DEBIASIO ALLEGES:**

To the extent Plaintiffs are seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Complaint, such benefits are not recoverable in this action.

**AS FOR A TWENTY-FOURTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate their damages.

**AS FOR A TWENTY-FIFTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the FDA is charged under law with determining the content of warnings and labeling for prescription drugs.

**AS FOR A TWENTY-SIXTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs cannot state a claim with regard to warnings and labeling for prescription drugs because the remedy sought by Plaintiffs is subject to the exclusive regulation of the FDA.

**AS FOR A TWENTY-SEVENTH**
**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims of intentional and negligent misrepresentation are barred by reason of Plaintiffs' failure to allege the circumstances constituting such misrepresentation with particularity.

**AS FOR A TWENTY-EIGHTH**

**DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are not suitable for joinder.

**AS FOR A TWENTY-NINTH DEFENSE, DEBIASIO ALLEGES:**

Plaintiffs' claims are barred by the doctrine of unclean hands.

**AS FOR A THIRTIETH DEFENSE, DEBIASIO ALLEGES:**

DeBiasio hereby gives notice that she intends to rely upon such other defenses as may become available or appear during discovery proceeding in this case or that are included in the master answer to be filed in the Multidistrict Litigation proceeding before Judge Fallon of the Eastern District of Louisiana. DeBiasio hereby reserves the right to amend her answer to assert any such defense.

Inasmuch as the Complaint does not describe the alleged underlying claims with sufficient particularity to enable DeBiasio to determine all of her legal, contractual and equitable rights, DeBiasio reserves the right to amend and supplement the averments of her answer to assert any and all pertinent liability defenses ascertained through further investigation and discovery of this action.

DeBiasio will rely on all defenses that may become available during discovery or trial.

WHEREFORE, DeBiasio respectfully demands judgment dismissing Plaintiffs' Complaint with prejudice and awarding DeBiasio her reasonable costs and disbursements, together with such and other and further relief that the Court may deem just and proper.

## JURY DEMAND

DeBiasio demands a trial by jury as to all issues so triable.

DATED: Providence, Rhode Island
January 30, 2006

Respectfully submitted,
DEFENDANT CAROL DEBIASIO

By: ______________________

Christine K. Bush, Esq. (#5587)
Duffy Sweeney & Scott, LTD
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
(401) 455-0700
(401) 455-0701 (Fax)

Counsel for Carol DeBiasio

\17467\25\573802.2

**CERTIFICATE OF SERVICE**

TO: **John Quattrocchi, III**
Twin Rivers Building
2 Douglas Pike
Smithfield, Rhode Island 02917

The undersigned certifies that on January 30, 2006, I caused a true and accurate copy of the foregoing **Answer and Jury Demand** to be served via First Class Mail on the above-named counsel of record.

Christine K. Bush