UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **FRANK DETORIE, M.D. AND MARGARET DETORIE**<br>Plaintiff, | ) |
| v. | ) CASE NO.06-65T |
| **MERCK & CO., INC.** and **CAROL DEBIASIO**<br>Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY**

## I. Introduction

Now come the Plaintiffs, Frank Detorie, M.D. and Margaret Detorie, and hereby Oppose the Motion to Stay, filed by the Defendant, Merck & Co., Inc., (hereinafter, "Merck"), on February 13, 2006. As grounds for this Opposition, the Plaintiffs submit that staying this action, at this juncture, would prevent the Court from hearing and deciding the Plaintiffs' Motion to Remand, which will be filed on February 27, 2006, (well within the 30 day period permitted by 28 USC § 1447(c)). Staying the action, rather than resolving the Motion to Remand, would be an inefficient use of judicial resources and would cause unnecessary delay in resolving the threshold jurisdictional question presented by the Motion to Remand. Moreover, staying the action would be unduly prejudicial, unfair and unnecessarily costly to the Plaintiffs. They would be required to await transfer by the MDL Panel and then await scheduling of their Motion to Remand before the transferee Court, in the Eastern District of Louisiana, in order to obtain the resolution of a straight-forward jurisdictional question, under Rhode Island law, that this Court is in a better position to decide than the MDL Court in Louisiana..

The Plaintiff's Motion to Remand will address distinct factual issue, unique to this case. It will not involve any general questions of law and/or fact common to other cases pending before the transferee Court in *In re VIOXX Products Liability Litig.*, MDL-1657.[1] The sole basis for removal of this action from state Court was Merck's unwarranted contention that Ms. DeBiasio was fraudulently joined as a Defendant. The Plaintiffs submit that Merck's claim of fraudulent joinder is completely without merit and that the removal of this action was entirely improper.

The Court's inquiry upon the Plaintiff's Motion to Remand will be limited to the question of whether, (taking all allegations set forth by the Plaintiffs as true and resolving all uncertainties in favor of the Plaintiffs), Merck can meet the heavy burden of establishing that there is absolutely no reasonable basis for any of the Plaintiffs' claims against Ms. DeBiasio. That inquiry simply involves a case specific analysis of the factual allegations in the Complaint, (attached hereto as Exhibit "A"), with reference to principles of Rhode Island law. It is, therefore, appropriate and reasonable for this Court to decide the Motion to Remand. Staying the action at this point would create substantial hardship, unnecessary expense and delay for the Plaintiff. Whereas, denying the Motion to Stay, and then hearing and deciding the Motion to Remand, would not create any appreciable hardship or prejudice to the Defendant, Merck. Consequently, the Plaintiffs respectfully submit that this Court, in accordance with the proper exercise of its discretion, should deny the Defendant's Motion to Stay, in order to hear and decide the Plaintiffs' Motion to Remand.

## II. Procedural History and MDL Considerations

[1] Examples of situations that might raise questions common to other cases within the Vioxx MDL would be assertions of federal law preemption, removal based upon claimed federal question jurisdiction or the analysis of multiple claims brought by putative class action plaintiffs. None of those issues exists in the present action.

The plaintiff filed the Complaint and Summons in this matter on September 30, 2005, in Providence County Superior Court, Rhode Island. They served the Defendants, DeBiasio and Merck on January 9, 2006, Merck, removed the action to the United States District Court for the District of Rhode Island on February 8, 2006. The only ground raised by Merck in support of its contention that federal diversity jurisdiction exists in this matter, is its unsupported contention that the non-diverse, co-Defendant, Carol DeBiasio, has been fraudulently joined as a party. The Plaintiffs will file their Motion to Remand on February 27, 2006. The Defendant's Opposition to that Motion will be due on or before March 9, 2006, at which time the Motion to Remand will be fully briefed and ready to be heard by the Court.

No Conditional Transfer Order has been entered in relation to this case, as of this time, by the MDL Panel. If any such Conditional Transfer Order is entered, Rule 7.4 (c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation provides a fifteen (15) day period for the Plaintiffs to file a Notice of Opposition. Rule 7.4 (d) then provides an additional fifteen (15) day period for the Plaintiffs to file a Motion and Brief to Vacate the Conditional Transfer Order. Under Rule 7.4 (c), the Clerk of the Panel is required to notify the parties of a briefing schedule, which would then provide at least an additional ten (10) to fifteen (15) days for Merck to submit an Opposition to the Plaintiff's Motion to Vacate the Conditional Transfer Order. Thereafter, the "Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel". Rule 7.4 (d). Consequently, even if the MDL Panel were to enter a Conditional Transfer Order in this case as early as February 27, 2006, the Plaintiffs' Notice of Opposition to that Order would not be due until March 14, 2006, and the Plaintiffs' Motion to Vacate the Order would not be due until March 29, 2006. Merck's Opposition to the Motion to Vacate would not be due until April 8, 2006, at the very earliest, and the matter would not

be set for a hearing session by the MDL Panel until sometime thereafter, presumably in late April or early May, 2006.

MDL Rule 7.4 (e) provides that "Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court". Rule 7.4 (a) and (c) provide that if a party exercises its right to oppose a Conditional Transfer Order, as the Plaintiffs in the present action will do, the Panel will not send the Order to the transferee Court until the Motion to Vacate has been resolved and there is a further order from the MDL Panel. Consequently, based upon the above timetable, no final Transfer Order in this case could ever actually be filed in the transferee Court, until May, 2006, at the earliest.

This Court retains full jurisdiction to rule upon the Plaintiffs' Motion to Remand at any time prior to an actual transfer. *Johnson v. Micron Technology, Inc.*, 354 F. Supp. 2nd 736, 739 (ED Mich. 2005). Clearly, as the Motion to Remand will be briefed and ready for hearing by this Court as early as March 9, 2006, no action by the MDL Panel will prevent this Court from hearing and deciding the Motion to Remand prior to May, 2006, the earliest reasonable point in time when any final Transfer Order might be issued and filed with the Clerk of the transferee Court.

## III. Argument

In a recent decision by the United States District Court for the Eastern District of Michigan, Southern Division, the Court recognized the well established principle that the entry of a Conditional Transfer Order "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court". *Johnson v. Micron Technology, Inc.*, 354 F.

Supp. 2nd 736, 739 (ED Mich. 2005).[2] Based upon a detailed review of decisions from other jurisdictions addressing the issue of whether, and under what circumstances, matters such as the present action should be stayed, the Court in *Johnson* emphasized that:

> The statute and rules have been interpreted as ***discouraging*** district courts from staying pending motions in some instances:
>
> > [The court should not] automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of the filing of a motion for transfer, therefore, matters such as motions to dismiss ***or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.*** The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions.

*Id.*, at 739. (Emphasis Supplied). Because the Court in *Johnson* determined that the "issue presented in the remand motion is ***unique*** to this particular instance and ***does not pose a potential for inconsistent rulings***", it denied the Defendant's Motion to Stay and allowed the Plaintiff's Motion to Remand. *Id.*, at 740. (Emphasis supplied).

As the District Court for the Northern District of California noted succinctly, in *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1189 (N.D.Cal. 1997), "This Court, as transferor Court, retains exclusive jurisdiction until the *§1407* transfer becomes effective and as such, ***motions to remand should be resolved before the panel acts on the motion to transfer.***" (Emphasis supplied). Similarly, in *State of Sao*

---

[2] The Court in *Johnson* also observed that:

> . . . the public interest lies in the most efficient use of judicial resources, ***ensuring*** that litigation is conducted in the ***appropriate forum***, and in federal courts ***determining jurisdiction issues promptly***.

*Id.*, at 741. (Emphasis supplied).

*Paolo v. American Tobacco Company, Inc.*, 2000 U.S. Dist. LEXIS 9617 (E.D. Louisiana, May 26, 2000), (unpublished), the Court noted there is:

> . . a ***preference*** that transferor courts ***consider, not stay, pending motions to remand,*** to avoid the judicial inefficiency and delay incurred when cases which will ultimately be remanded to state court are centralized for a period before the transferee judge. Such reasoning is consistent with the jurisprudence which requires district courts to ***consider jurisdiction as a threshold issue.*** See *Copling v. The Container Store, Inc., 174 F.3d 590, 595 (5th Cir. 1999).*

*Id.*, at pages 5-6. (Emphasis supplied).

In the present action, the Plaintiffs submit that there is a reasonable likelihood that they will prevail upon their Motion to Remand. The Complaint alleges specifically that the Defendant, DeBiasio, had direct contact with the Plaintiff, Dr. Detorie, made specific misrepresentations to him concerning the cardiovascular risks associated with Vioxx, "negligently marketed, promoted and distributed Vioxx, prior to October 1, 2002" and actually provided Dr. Detorie with the promotional samples of Vioxx that he took "on a regular/daily basis" for approximately "two years prior to his myocardial infarction on October 1, 2002". (Complaint – Paragraphs 7, 10 and 15). The claims against Ms. DeBiasio, are sufficiently and appropriately pled in the Plaintiffs' Complaint. They constitute valid and well recognized causes of action under Rhode Island law, separate and distinct from the Plaintiffs' additional claims against Merck.

Because the resolution of the Motion to Remand in the present action will involve the application of Rhode Island law to the facts alleged in the Complaint against Ms. DeBiasio, this Court, rather than the Eastern District of Louisiana, is the more appropriate forum for addressing and resolving the Motion to Remand. As noted in *Greene v. Wyeth*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004), "it is clear that a court within the District of Nevada is best-suited for consideration of the" Motion to Remand, involving the

application of Nevada law. *See also, Kohl v. American Home Products Corp.*, 78 F. Supp.2d 885, 888 (W.D. Ark.1999) (noting that the remand issue dealt with "a unique question wholly dependent on the law of the State of Arkansas"), and *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, 54 F. Supp. 2d 1042, 1048 at n.2 (D. Kan. 1999)* (addressing the remand issue in part because Kansas law-applied).

As the Fifth Circuit noted in *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003), Merck's burden of proving fraudulent joinder "is a heavy one", because ***all*** factual allegations in the Plaintiffs' Complaint ***must*** be accepted by the Court "in the light most favorable to the plaintiff" and because "any contested issues of fact and any ambiguities of state law must be resolved" in favor of the Plaintiffs. The Plaintiffs respectfully submit that Merck will be unable to meet its burden of establishing fraudulent joinder, because the facts and circumstances giving rise to this action, as alleged in the Complaint, establish valid and legally cognizable state law claims directly against Ms. DeBiasio.

In *Hanan v. Ford Motor Company*, 2003 U.S. Dist. LEXIS (N.D. Cal. August 4, 2003) (unpublished), the Court stated: "It is best to resolve ***promptly*** the question of federal subject-matter jurisdiction so that this case may proceed in the appropriate forum without delay". *Id.*, at page 12. Moreover, in *Nicholas v. Prudential,* 1997 U.S. Dist. LEXIS (S.D. Ala. April 28, 1997), (unpublished), the Court ruled that transfer to an MDL proceeding "unnecessarily burdens the plaintiffs' right to proceed in the forum of their choosing".[3] In *Nicholas*, the Court went on to note that:

> the plaintiffs would nevertheless be forced to pursue their claim in a forum not of their choosing one thousand miles from home. In light of the ***clearly improper removal*** of this case, such circumstances are ***simply intolerable***.

[3] See also, *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft, et al.*, 54 F. Supp. 2d 1042, 1047-48 (D.Kan. 1999) ("for purposes of judicial economy, the jurisdictional issue should be resolved immediately")

> See Cole, No. CV-96-7171-MRP ("As a matter of ***simple fairness***, [plaintiff] should not be required to go to New Jersey to object to this Court's exercise of jurisdiction over his lawsuit.").

*Id.* At page 15. (Emphasis supplied).

In *Anthem v. Bristol Meyers*, 2003 U.S. Dist. LEXIS 15762 (D. New Jersey, March 17, 2003), (unpublished), the Court recognized that:

> In exercising its discretion, however, the Court finds that the ***better option*** is to ***decline*** to stay proceedings and to consider the jurisdictional issue now. The issue is ***fully briefed*** by the parties and is ripe for determination. All relevant facts that could be presented to the MDL court are before this Court. Deciding the jurisdictional question now ***promotes judicial economy***. If jurisdiction does not exist, then the case need not be transferred to the MDL court at all, and if it does exist then both the parties and the MDL court will be faced with one less contested issue if and when the case eventually is transferred.

The numerous examples of courts granting stays pending MDL transfer, as cited by Merck in its Memorandum in Support of the Motion to Stay, are not controlling upon this Court's determination as to whether it should hear the Plaintiff's Motion to Remand in the present case. Each case obviously involves the independent exercise of the Court's discretion, based upon the particular circumstances presented in that case. The fact that various courts may have deemed it appropriate to stay proceedings in certain actions is not surprising. The unique facts presented in each of those actions clearly may have warranted such stays, they may have been unopposed by the Plaintiff or they may not have prevented resolution of threshold jurisdictional issues raised by a Motion to Remand. For example, in the case of *Denny v. Merck & Co., Inc.*, No. G-04-526 (S.D. Tex. Dec. 6, 2004), ***relied upon*** by Merck as support for its Motion to Stay in the present action, an examination of the docket entries, (through the *Pacer* system), demonstrates that the case had initially been remanded to state court by the federal court, *sua sponte*. After Merck removed the matter to federal court for a second time, the Plaintiff filed a

Motion to Remand, which was then denied. It was only ***after*** the Court had heard and decided the Motion to Remand that it allowed Merck's Motion to Stay.

**IV. Conclusion**

The Plaintiffs submit that Merck's removal of this action from Providence Superior Court, in Rhode Island, was an improper and unwarranted attempt to claim federal jurisdiction. The removal in this action was consistent with Merck's tactics in other Vioxx actions, such as *Smith v. Condell,* 2005 U.S. Dist. LEXIS (N.D. Ill. January 21, 2005), (unpublished). In *Smith*, the Court soundly rejected Merck's tactics and remanded the action to state court, observing that:

> In sum, Merck's assertion of ***fraudulent joinder*** can only be viewed as ***frivolous***. Its counsel's myopic view that it is therefore the only target of this lawsuit is ***flatly belied by the Complaint***. It is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (*28 U.S.C. § 1447(c)*). As called for by that statute, this action is remanded to the Circuit Court of Cook County.

*Id.*, at page 4. (Emphasis supplied).

Merck's removal of the present action was similarly "myopic", without any legitimate basis and "flatly belied by the Complaint". In the hope of having this action transferred to the MDL proceedings in Louisiana, Merck has completely overlooked the specific allegations in the Plaintiff's Complaint, setting forth valid, legally cognizable causes of action against the non-diverse co-Defendant, Carol DeBiasio. Merck has blatantly ignored the well recognized and established pre-requisites for asserting federal diversity jurisdiction.

In filing the present Motion to Stay, Merck is now attempting: 1) to prevent this Court from addressing and remedying the impropriety of the Notice of Removal; 2) to foreclose the Plaintiffs' right to challenge the removal in this Court; and 3) to prevent the Plaintiffs from obtaining a resolution of the basic jurisdictional issue presented by their

Motion to Remand, until that Motion can be scheduled and heard by the MDL transferee Court, many months from now, and almost two thousand miles away, in Louisiana. The Plaintiffs respectfully submit that Merck's attempt to remove and transfer the present action is unfair and prejudicial, although it appears to be entirely consistent with Merck's similarly "frivolous" and unsuccessful attempt to remove and transfer the *Smith* action, (attached hereto as Exhibit "B").

For the reasons set forth in this Opposition, and as a matter of basic fairness, the Plaintiffs request that this Court deny the Defendant's Motion to Stay, and either 1) remand this action, *sua sponte*, to the Rhode Island Superior Court, or 2) hear and decide the Plaintiff's Motion to Remand prior to the issuance of a final Transfer Order from the MDL Panel.

Respectfully submitted,
Frank Detorie, M.D. and Margaret Detorie
By their attorney,

John Quattrocchi, III
Bar # 109
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917
(401)231-3700

**CERTIFICATE OF SERVICE**

**This is to certify that a copy of the foregoing Plaintiff's Opposition to Defendant's Motion to Stay was sent by first class mail, postage prepaid, on this 24th day of February, 2006 to:**

**Robert M. Duffy**
**Christine K. Bush**
**Duffy, Sweeney, & Scott, Ltd.**
**One Turks Head Place, Suite 1200**
**Providence, RI 02903**

---------------------------------------