Exhibit B



**CHARLES D. SMITH, etc., Plaintiff, v. CONDELL MEDICAL CENTER, et al., Defendants.**

**No. 05 C 339**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

***2005 U.S. Dist. LEXIS 3593***

**January 21, 2005, Decided**

**DISPOSITION:** Removal denied, action was remanded back to state court.

**LexisNexis(R) Headnotes**

**COUNSEL:** [*1] For Merck & Co., Inc., a corporation, Defendant: Eugene Edward Murphy, Jr., Erin Fleming Martin, Bryan Cave, Chicago, IL; Steven G. Strauss, Bryan Cave, LLP, St. Louis, MO.

For Charles D Smith, estate of Mary Armour, Executor Plaintiff: Richard L Berdelle, Jr, Richard L. Berdelle, Jr., P.C., Chicago, IL.

**JUDGES:** Milton I. Shadur, Senior United States District Judge.

**OPINIONBY:** Milton I. Shadur

**OPINION:**

MEMORANDUM OPINION AND ORDER

Merck & Co., Inc. ("Merck") has just filed a Notice of Removal ("Notice"), seeking to bring this negligence action against Merck and eight other defendants to this District Court from its place of origin in the Circuit Court of Cook County. Because federal subject matter jurisdiction is patently lacking, however, this Court sua sponte remands this action to the state court.

In so ruling, this Court does not rely upon--although it notes--Merck's noncompliance with this District Court's *LR 81.2*, which prescribes the procedure to be followed where (as here) a plaintiff cannot or does not set out an ad damnum that establishes the requisite amount in controversy for diversity of citizenship purposes (Merck's asserted basis for removal). It also eschews detailed comment [*2] on Merck's clear noncompliance, in setting out no fewer than 45 (!!) purported affirmative defenses ("ADs") in its Answer filed contemporaneously with the Notice, with the requirements of *Fed. R. Civ. P. 8(c)* and the corresponding caselaw as to the pleading of ADs (in that respect, see App. P5 to *State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001))*. Finally, this Court of course understands Merck's desire to centralize the handling of the hundreds of lawsuits against it around the country that stem from the use of its now withdrawn Vioxx product--but that desire cannot justify its counsel's apparent effort to treat every such lawsuit as being within the jurisdictional province of the federal courts.

Instead this Court looks to Merck's unacceptable attempt to shoehorn itself into a removal posture despite the fact that the eight other defendants' sharing of Illinois citizenship with the Illinois-citizen plaintiff destroys diversity at the outset. To that end Merck would have it that all of those defendants have been fraudulently joined, so that their citizenship can simply be ignored in the diversity [*3] analysis.

But that is just plain wrong--look at all of the defendants who or that are sued for assertedly negligent conduct other than prescribing Vioxx: thus Complaint Count I PP4-9 n1 plausibly ascribes such negligent conduct to defendant Condell Medical Center ("Condell"), where the two surgeries that ultimately led to the death of plaintiff's decedent Mary Armour were performed; Complaint Count II PP4-9 plausibly ascribes such negligent conduct to defendants Victory Memorial Hospital and Dr. Robert Koch even before the decedent's transfer to Condell; Complaint Count III PP4-9 plausibly ascribes to Dr. Fahd Jajeh and his corporation asserted medical malpractice in the course of the surgery, again having nothing at all to do with the prescription of Vioxx; and Count IV PP4-8 plausibly ascribes medical malpractice to Dr. Robert Kemmerer in connection with the second surgery, once more wholly without reference to Vioxx. Indeed, the only codefendants linked in any

way with Vioxx are a Dr. Max Goldschmidt and Rosalind Franklin University of Medicine and Science, named in Complaint Count V, which addresses treatment that had been afforded the decedent before the surgeries [*4] adverted to in the other counts.

n1 Because this opinion sets out only a summary reference to and characterization of the Complaint's allegations, a photocopy of the Complaint itself (which is attached to the Notice as its Ex. 3) is also attached as an exhibit here.

In sum, Merck's assertion of fraudulent joinder can only be viewed as frivolous. Its counsel's myopic view that it is therefore the only target of this lawsuit is flatly belied by the Complaint. It is an understatement to say that "it appears that the district court lacks subject matter jurisdiction" (*28 U.S.C. § 1447(c)*). As called for by that statute, this action is remanded to the Circuit Court of Cook County. And as permitted by this District Court's *LR 81.2*, the certified copy of the order of remand shall be mailed by the Clerk of this District Court forthwith.

Milton I. Shadur

Senior United States District Judge

Date: January 21, 2005