**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FRANK DETORIE, M.D. and MARGARET DETORIE | : | |
| Plaintiffs, | : | |
| V. | : | CASE NO. 06-65T |
| MERCK & CO., INC. and CAROL DEBIASIO | : | |
| Defendants. | : | |

**DEFENDANT MERCK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY ALL PROCEEDINGS PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

Plaintiffs oppose the motion for stay filed by Merck & Co., Inc. ("Merck") on the ground that their motion to remand should be decided first. However, plaintiffs' argument is precisely backwards: because plaintiffs' remand motion overlaps with scores of others that are already pending before the MDL court in the Eastern District of Louisiana that is coordinating pretrial proceedings in Vioxx® cases, *In re Vioxx Marketing, Sales Practices and Products Liability Litigation* ("MDL-1657," the "MDL court," or "MDL"), it is far more efficient to allow that court to rule on it. Moreover, deferring consideration of the remand motion to the MDL court will ensure that it is treated in a consistent fashion with other like motions. Therefore, staying all proceedings pending MDL transfer will best achieve the objectives of the MDL process. For the reasons set forth below and in Defendant Merck & Co., Inc.'s ("Merck") opening brief,

this Court should grant Merck's motion to stay all proceedings pending a final transfer decision by the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel").[1]

**ARGUMENT**

Plaintiffs' chief argument in their opposition brief – that this Court, rather than the MDL court, should decide their remand motion – turns the underlying purposes of the MDL statute on its head and flies in the face of decisions reached by courts throughout the country that have addressed this very issue. Hundreds of Vioxx cases have already been transferred to the MDL court with pending remand motions raising issues virtually identical to those in this case. Entering a stay here would comport not only with those decisions but with the express direction of the JPML and the MDL court as well.

The JPML has expressly urged transferor courts *not to rule on pending remand motions* under these circumstances. *See* Letter dated March 21, 2005 from JPML Chrmn. Wm. Terrell Hodges to Hon. Ricardo H. Hinojosa (Exhibit B) ("wait[ing] until the Panel has decided the transfer issue . . . may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization"). Courts around the country have paid heed. To date, ***nearly 1,800 Vioxx-related cases have been stayed by transferor courts, including nearly 250 in which plaintiffs sought remand.*** (Exhibit C lists these cases). *See, e.g., Nevels v. Merck & Co., Inc.*, No. 04-0952-CV-W-DW, slip op. at 2 (W.D. Mo. Dec. 27, 2004) (Exhibit D) (noting that many "courts have stayed Vioxx proceedings regardless of whether there is also a pending motion to remand"). Plaintiffs do not address these cases, and claim that their remand motion raises

[1] On March 2, 2006, the Judicial Panel on Multidistrict Litigation issued a conditional transfer order providing that this case will be transferred to MDL-1657 in fifteen days unless there is a timely objection. *See In re Vioxx Products Liability Litigation*, MDL No. 1657, Conditional Transfer Order 43. (Exhibit A).

issues that are "unique to this case," Pl. Opp. at 2, even though ***at least 150*** of the cases with remand motions pending in the MDL court, from at least ***9 different states,*** involve the very same legal issue implicated here – the fraudulent joinder of a Merck professional sales representative. (Exhibit E lists these cases).

In issuing stays pending transfer, these courts have all recognized that having the MDL court decide the overlapping jurisdictional issues will ensure fair, consistent, and efficient decision-making, as the MDL statute envisions. *See, e.g., In the Matter of Civil Actions Against Merck & Co., Inc. as Listed in Attachment 1*, No. 6:05-cv-06659-DGL, slip op. at 3 (W.D.N.Y. March 1, 2006) (Exhibit F) (finding that the issue of whether professional sales representatives were fraudulently joined "should be resolved by the MDL court" due to commonality with at least 150 other such cases); *Woods v. Merck & Co., Inc., et al.,* No. 05-0425-CG-M (S.D. Ala. Aug. 17, 2005) (Exhibit G) (staying case despite motion to remand because of need for uniform rulings on fraudulent joinder of sales representatives issues); *Purcell v. Merck & Co., Inc.*, No. 05cv0443-L (BLM), slip op. at 4-5 (S.D. Cal. June 6, 2005) (Exhibit H) (staying case despite motion to remand and noting that by allowing the MDL court to decide fraudulent joinder issue "judicial resources will be conserved and risk of inconsistent rulings is avoided").

In one of the most recent of these decisions, Judge Larimer of the Western District of New York specifically rejected the very claim that plaintiffs make here – that a stay should not be entered because the fraudulent joinder issues involve questions of state law. *See In the Matter of Civil Actions Against Merck & Co., Inc.* at 4 (Exhibit F) ("[T]he jurisdictional issues presented in these cases are not so unique or peculiar to warrant resolution by this Court, or to preclude entry of a stay to promote judicial

economy."). Judge Larimer agreed that "it is likely that in ruling on remand motions that involve similar issues that arise under the laws of many other states, the MDL court will adopt an approach that treats like cases in a uniform manner." *Id.* at 5 (quotation omitted). While acknowledging that the "narrow issue of . . . sales representative liability under New York state law may not yet be before the MDL court," Judge Larimer found that "the objectives of the MDL process – namely the avoidance of inconsistent rulings and the conservation of judicial resources – are best met by allowing the MDL court to decide plaintiffs' motion to remand." *Id.* The same is true here.

Moreover, even if the overwhelming weight of authority from courts around the country were insufficient to persuade the Court that deferral is appropriate, the preference of Judge Eldon Fallon, who is presiding over the Vioxx MDL proceeding, further tips the scale in favor of a short stay. As Judge Fallon has noted:

> There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The rule of law is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability. . . . It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.

(June 23, 2005 Status Conference before the Honorable Eldon E. Fallon, *In re Vioxx Prods. Liab. Litig.*, MDL 1657-L ("June 23, 2005 Status Conference"), Tr. at 21 (Exhibit I)).

Plaintiffs' arguments to the contrary are simply not persuasive. First, plaintiffs' argument that their case is unique, is belied by the presence in the MDL of more than 150 cases with pending remand motions that pose the exact same question – whether the joinder of in-state Merck professional sales representatives destroys complete diversity. In fact, the case heavily relied upon by plaintiffs for this argument, *Johnson v. Micron*

*Tech., Inc.*, 354 F. Supp. 2d 736, 739-740 (E. D. Mich. 2005), actually supports Merck's position because there the court explicitly stated that:

> [i]f . . . the same issue faced other district courts with the same plaintiffs or defendants, it might be efficient to stay this action and allow the MDL transferee Court to resolve the issue. ***Common questions of law or fact applicable to similarly situated (or the same) parties across the country would dictate a stay***; if each district court independently made determinations . . . there would be a risk of having similarly situated parties face different outcomes on the exact same question.

*Id.* at 740 (emphasis added). In *Johnson*, the court relied on the fact that the defendant had not provided any specific information to show that the remand issues overlapped with other cases before the MDL court. *Id.* at 739. That is not the case here. Thus, the holding in *Johnson* warrants a stay.

Second, while plaintiffs cite to a few unrelated, non-Vioxx cases in which stays have been denied (*see* Pl. Opp. at 5-7), none of these cases are controlling or instructive in the Vioxx litigation, where the majority of courts facing motions to remand have stayed the cases pending transfer to the MDL. (*See* cases cited in Exhibit C).[2] Moreover, plaintiffs' cases are contrary to the majority view, because the "general rule is for federal courts to defer ruling on pending motions to remand in MDL litigation until after the JPMDL has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). *See also In re*

---

[2] Plaintiffs cite a Vioxx case, *Denny v. Merck & Co., Inc.*, No. G-04-526 (S.D. Tex. Dec. 6, 2004), in support of their position, claiming that the court there decided a motion to remand and only then acted on the defendant's motion to stay. Plaintiffs have misstated the procedural posture of *Denny*. The court in *Denny* first transferred the case *sua sponte* to another federal district court because of venue issues, not to a state court as plaintiffs claim. (*See* Pl. Opp. at 8). The transferee court did grant plaintiffs' motion to remand, but there was no pending motion to stay before the court, as there is here. When the case was once again removed to federal court, the court decided, and denied, a remand motion that was fully briefed, before any stay motion was fully briefed. Thus, the court did not decline to stay the proceedings in order to reach the remand motion first, as plaintiffs suggest; on the contrary, the court had no fully briefed motion to stay before it. Here, of course, the procedural posture is the opposite; Merck's stay motion is fully briefed, and the remand motion has not yet been fully briefed.

*Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring and consolidating cases as to which remand motions are pending); *Parisi v. Marsh & McLennan Cos., Inc.*, No. Civ.A. 04-2091-KHV, 2004 WL 1534181, at *1-2 (D. Kan. Apr. 6, 2004) (granting motion to stay to further the interests of judicial economy despite plaintiff's motion for remand); *Michael v. Warner-Lambert Co.*, Case No. 03cv1978 DMS(RBB), 2003 U.S. Dist. LEXIS 21525, at *9-10 (S.D. Cal. Nov. 20, 2003) (staying four cases with remand motions pending transfer to MDL court); *Bd. of Trs. v. Worldcom*, 244 F. Supp. 2d 900, 905 (N.D. Ill. 2002) ("The question, then, is whether other courts are facing or are likely to face similar jurisdictional issues in cases that have been or may be transferred to a multidistrict proceeding"); *Benjamin v. Bayer Corp.*, No. Civ.A. 02-0886, 2002 WL 1009475, at *1 (E.D. La. May 16, 2002) ("[B]ecause the issues involved in this remand are likely to be common to other transferred cases, the policies of efficiency and consistency of pretrial rulings are furthered by a stay of the proceedings"); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (deferring consideration of motion to remand pending JPML transfer); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1-2 (D. Kan. May 7, 2002) ("judicial economy is best served by staying this litigation pending a resolution of the conditional order to transfer. Granting a stay . . . avoids the possibility of inconsistent pretrial rulings [because the MDL judge] . . . can decide for all cases involved in the Baycol® MDL whether the jurisdictional requirements are satisfied").[3]

---

[3] Plaintiffs' indication that they intend to oppose the transfer of their case to the MDL court, presumably on the ground that the remand motion should be decided by this Court, is of no consequence.

Third, plaintiffs' contention that Judge Fallon should not be deciding issues under Rhode Island law (*see* Pl. Opp. at 6) provides no basis for denying a stay. If it did, none of the hundreds of Vioxx cases with pending remand motions that are currently in the MDL court would be there because every one of those cases involves issues of state law. On the contrary, the MDL court is perfectly capable of considering and ruling on issues of state law. *See Debono v. Am. Home Prods. Corp.,* No. 04 Civ. 3810(DC), 2004 WL 2601177, at *1 (S.D.N.Y. Nov. 16, 2004) (rejecting argument that New York district court is in best position to apply New York law in deciding remand motion and deferring remand motion to MDL court); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272 (S.D.N.Y. 2002) (grouping together remand motions regarding fraudulent joinder of sales representatives and pharmacists and then determining based on laws of various states). And, as Judge Larimer recently noted (*see* p. 4 supra), there is no reason why the MDL court cannot apply each state's law to the overlapping questions, and allowing the MDL court to rule on all remand motions raising similar issues will promote fairness, consistency and efficiency. Judge Fallon has echoed this view, stating that in ruling on remand motions involving the laws of different states he will address the issues "in a consistent and fair fashion." (*See* June 23, 2005 Status Conference, Tr. at 21 (Exhibit I).

---

(*see* Pl. Opp. at 3.) The pendency of a remand motion has been soundly and repeatedly rejected by the Panel as a basis for opposing transfer in both the Vioxx proceeding and other MDL proceedings. *See In re Vioxx Prods. Liab. Litig.*, 360 F. Supp. 2d 1352, 1354 ("The pendency of a motion to remand to state court is not a sufficient basis to avoid inclusion in Section 1407 proceedings"); June 20, 2005 Transfer Order (Exhibit J) (denying motions to vacate conditional transfer of Vioxx cases to MDL-1657 and stating "[a]ny pending motions to remand to state court can be presented to and decided by the transferee judge"); August 11, 2005 Transfer Order (Exhibit K) (same); accord *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348, 2004, WL 1965587, at *1 (denying motion to vacate conditional transfer orders, holding "that any pending motions to remand to state court can be presented to and decided by the transferee judge"). If the MDL Court determines that plaintiffs' claims should be remanded, "procedures are available whereby this may be accomplished with a minimum of delay." June 20, 2005 Transfer Order (Exhibit J).

Fourth, plaintiffs' contention that Merck is trying "to foreclose" their right to seek a remand is unavailing. (Pl. Opp. at 9). Merck, of course, does not seek to avoid a ruling on plaintiffs' remand motion; it simply argues that the proper court to decide this motion is the MDL court.[4] *See In the Matter of Civil Actions Against Merck & Co., Inc.* at 3 (Exhibit F) (holding that jurisdictional issues can and should be decided by the MDL court).

Finally, plaintiffs claim that staying this case and allowing their remand motion to be decided by the MDL court would be prejudicial, unfair, and unnecessarily costly to them. (*See* Pl. Opp. at 1). In fact, the opposite is true. As recognized by the many courts that have granted stays in similar circumstances, a stay will "serve the interests of judicial economy, without causing undue prejudice to the Plaintiffs." *Nevels*, No. 04-0952-CV-W-DW, slip op. at 2 (Exhibit D). *See also In the Matter of Civil Actions Against Merck & Co., Inc.* at 5-6 (Exhibit F); *Pace v. Merck & Co., Inc.*, No. CIV 04-1356 MCA/ACT, slip op. at 3 (D.N.M. Jan. 10, 2005) (Exhibit L).[5]

Conversely, without a stay, Merck will have to litigate the same jurisdictional issues in numerous courts, and there is a real risk of inconsistent results on an issue for which there is no opportunity for appellate review. "Merck faces a significant risk of

---

4 Plaintiffs assert that Merck's removal of this case is "without any legitimate basis." (Pl. Opp. at 9). Merck will respond to the merits of plaintiffs' remand motion in its opposition to that motion. However, as set forth in its Notice of Removal, there is extensive authority for Merck's position that plaintiffs' claims against Merck's professional sales representative are fraudulently joined to defeat Merck's right to a federal forum. *See In re Rezulin,* 133 F. Supp. 2d at 282-83; *Catlett v. Wyeth, Inc.,* 379 F. Supp. 2d 1374, 1377-82 (M.D. Ga. 2004); *In re Diet Drugs,* No. MDL 1203, Civ.A. 03-20611, 2004 WL 2203712, at **2-3 (E.D. Pa. Sept. 28, 2004); *In re Diet Drugs,* No. MDL 1203, Civ.A. 03-20601, 2004 WL 1118714 at *4 (E.D. Pa. May 18, 2004); *Sobkowski v. Wyeth, Inc.,* No. 5:04-CV-96-0C-10GRJ, 2004 WL 3569704 at **4-5 (M.D. Fla. May 17, 2004); *Johnson v. Parke-Davis,* 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000).

5 Plaintiffs' similar argument – that transfer to the MDL court undermines their right to proceed in the forum they choose – (*see* Pls.' Opp. at 7) is likewise misplaced, because that is an argument better addressed to Congress, which created the MDL process for precisely this kind of situation.

duplicative motion practice . . . absent a stay" and "the risk of hardship to Merck absent a stay far outweighs any prejudice likely to be caused to Plaintiffs as the result of a stay." *Pace*, No. CIV 04-1356 MCA/ACT, slip op. at 3-4 (Exhibit L). *See also Holmes v. Merck & Co., Inc.*, No. 4:05CV00439 ERW, slip op. at 3 (E.D. Mo. May 3, 2005) (Exhibit M) (holding that any prejudice to plaintiffs caused by delay is outweighed by judicial economy of having MDL court rule on all remand motions).

Numerous courts in non-Vioxx cases have rejected similar arguments by plaintiffs that staying cases pending MDL coordination would prejudice them. *See, e.g., Republic of Venezuela v. Philip Morris Cos., Inc.*, No. 99-0586-Civ-Ungaro-Benages, 1999 U.S. Dist. LEXIS 22742, at *5-7 (S.D. Fla. Apr. 28, 1999) (finding plaintiff will not be prejudiced by a stay of all proceedings, including motion to remand, pending consideration of an MDL motion); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000) (rejecting plaintiff's "cursory assertions of prejudice" in granting stay).

In short, courts throughout the country have rejected the very arguments that plaintiffs press here in opposing Merck's stay motion. This Court should do the same. Allowing the MDL court to consider plaintiffs' remand arguments (which are being raised in many similar Vioxx cases from around the country) will minimize waste, avoid inconsistent decisions, and further the purposes of MDL proceedings.

Accordingly, the Court should stay this case in its entirety and defer consideration of plaintiffs' motion for remand.

**CONCLUSION**

For the foregoing reasons, and the reasons stated in Merck's Memorandum of Law in Support of Its Motion to Stay All Proceedings Pending a Decision on Transfer by the JPML, Merck respectfully requests that this Court grant its motion to stay all proceedings in this case pending transfer to the MDL proceeding that has been established in the Eastern District of Louisiana, MDL-1657.

DATED: Providence, Rhode Island
March 13, 2006

Respectfully submitted,

DEFENDANT MERCK & CO., INC.

By: Christine K. Bush/KAUH

Robert M. Duffy (#4428)
Christine K. Bush (#5587)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid, on this 13 day of March, 2006 to:

John Quattrocchi, III, Esq.
Twin Rivers Building
2 Douglas Pike
Smithfield, RI 02917

Joseph L. Doherty, Jr., Esq.
225 Franklin Street, 26th Floor
Boston, MA 02110

*H:\Clients\Merck\Detorie\Pleadings\USDC RI\Reply Memo in Support of Motion to Stay.DOC*