IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

CAROLINE NEVELS, individually and as Representative for persons identified under R.S. Mo. 537.080.1(1) concerning the wrongful death of SHELLY SOUTH, and on behalf of all others similarly situated,

Plaintiffs,

v.

MERCK & CO., INC., et al.,

Defendants.

Case No. 04-0952-CV-W-DW

# ORDER

Pending before the Court is the Defendants' motion to stay proceedings pending a transfer decision by the Judicial Panel on Multidistrict Litigation (Doc. 10). The Plaintiffs filed suggestions in opposition (Doc. 12), and the Defendants filed a reply (Doc. 14).

This action stems from Plaintiffs' alleged injuries from use of the drug VIOXX. As of September 20, 2004, forty-one (41) federal cases had been filed seeking relief for individuals who purchased and ingested VIOXX. Most of these actions appear to involve similar questions of fact and allege similar theories of liability. On October 22, 2004, Merck filed a motion with the Judicial Panel on Multidistrict Litigation ("the Panel") requesting transfer under 28 U.S.C. 1407 of the VIOXX product liability cases then pending in federal court to one court for coordinated proceedings. Consequently, the Defendants move for a stay here, pending resolution of Merck's motion before the Panel for transfer of this case.

It is well-settled that the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North America Co., 299 U.S. 248, 254 (1936).

MOD8121250

Consistent with this inherent power, numerous courts have stayed VIOXX cases pending a determination by the Judicial Panel on Multidistrict Litigation on whether to transfer the case. See, e.g., Gerber v. Merck & Co., Inc., No. 04-61429-CIV (S.D. Fla. Dec. 8, 2004) (Dimitrouleas, J.); Whitmore v. Merck & Co., Inc., No. 4:03-cv-01354-ERW (E.D. Mo. Nov. 23, 2004) (Webber, J.); Glover v. Merck & Co., Inc., No. 03-CV5166 (JMR/FLN) (D. Minn. Nov. 17, 2004) (Noel, M.J.). These courts have stayed VIOXX proceedings regardless of whether there is also a pending motion to remand. See, e.g., Perkins v. Merck & Co., Inc., 4:04-cv-1446-HEA (E.D. Mo. Dec. 2, 2004) (Autrey, J.).

After reviewing the record and the parties' arguments, the Court finds that staying all judicial proceedings in this case will serve the interests of judicial economy, without causing undue prejudice to the Plaintiffs. Accordingly, it is hereby

ORDERED that the Plaintiffs' motion to remand (Doc. 5) is PROVISIONALLY DENIED; it is further

ORDERED that the Defendants' motion to stay (Doc. 10) is GRANTED. All proceedings in this case are hereby STAYED pending notification to the Court by counsel for Defendants concerning resolution of its motion before the Panel.

SO ORDERED.

/s/ Dean Whipple
Dean Whipple
United States District Judge

Date: 12/27/04



M0812125I