UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

IN THE MATTER OF CIVIL ACTIONS AGAINST MERCK & CO., INC., AS LISTED IN ATTACHMENT 1

ORDER TO STAY

FILED U.S. DISTRICT COURT WD NY

Defendant Merck & Co., Inc. ("Merck") removed these 70 actions from New York State Supreme Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. A list of these 70 actions (identified in order of the WDNY civil docket number) is attached to this Order.

Plaintiffs, who are represented by same law firm, allege negligence and products liability claims against Merck concerning the manufacture, sale, and distribution of the prescription drug Vioxx. Plaintiffs also named as defendants approximately twenty individual directors of Merck and a number of Merck's professional sales representatives.

Merck has moved to stay the actions pending the issuance of conditional orders by the Judicial Panel on Multidistrict Litigation ("JPML") transferring the cases as "tag-along" actions to *In re Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, an MDL[1] action that has been established in the Eastern District of Louisiana.[2]

---

[1] On February 16, 2005, the Panel transferred 138 civil actions to the MDL, which involve common questions of fact concerning the alleged increased health risks associated with the anti-inflammatory drug, Vioxx. Since that time, more than 3,000 additional actions have been transferred to the MDL, and it appears that the number continues to grow.

[2] Since Merck moved to stay the actions, conditional transfer orders have been issued in all 70 cases. *See In re VIOXX Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, Conditional Transfer Orders 36, 37, 38, and 40. Plaintiffs, however, have filed notices of objection with the JPML that oppose transfer of the actions to the MDL, and they have since filed motions to vacate the conditional transfer orders. Transfer of these actions to the
(continued...)

Plaintiffs oppose entry of a stay. Plaintiffs argue that the Court should first resolve jurisdictional issues they intend to raise in forthcoming motions to remand.[3] Plaintiffs claim that there is an issue regarding whether these actions were properly removed to federal court because complete diversity may not exist. In its notices of removal, Merck claimed that the director and sales representative defendants were fraudulently joined because no reasonable basis exists for plaintiffs' negligence and products liability claims against those defendants under New York State law.

Plaintiffs contend that Merck misinterprets New York law, and that Merck's claims of fraudulent joinder lack merit. Plaintiffs ask that this Court apply the analytical model set forth in *Myers v. Bayer AG*, 143 F.Supp.2d 1044, 1048-49 (E.D. Wis. 2001), and allegedly adopted in *Medical Soc. of the State of N.Y. v. Connecticut General Corp.*, 187 F.Supp.2d 89, 91 (S.D.N.Y.2001) and *In re Consol. Fen-Phen Cases*, 2003 WL 22682440 (E.D.N.Y.2003), and preliminarily assess the jurisdictional challenges raised and determine whether removal is improper. Under the reasoning of these cases, they argue, the MDL court should resolve issues regarding remand only when those issues are both complex and mirror jurisdictional challenges raised in other

---

[2](...continued)
MDL, therefore, has been stayed pending determination of the question of transfer by the JPML at upcoming bimonthly hearing sessions. On February 14, 2006, the JPML set March 30, 2006 as the hearing date on the question of transfer in 58 of the 70 cases, and the issue will be considered and decided on the papers submitted and without oral argument. *See In re VIOXX Marketing, Sales Practices and Products Liability Litigation*, MDL No. 1657, February 14, 2006, Notice of Hearing Session. The question of transfer in the remaining 12 cases will be heard and decided at a subsequent bimonthly Panel hearing session, on a date to be determined.

Merck's motions to stay, therefore, are still ripe for determination by this Court, despite the issuance of conditional transfer orders.

[3] By letter dated January 13, 2006, I informed the parties that I would resolve the pending motions to stay first, and then, if necessary, set a briefing schedule for motions to remand.

cases before the MDL. Plaintiffs argue that the issues presented in these cases are unique, and have not been raised in any of the 3,000 cases that comprise the MDL. Plaintiffs, therefore, oppose Merck's motions to stay, and they argue that this Court should rule on the forthcoming motions to remand, given that they involve questions of New York law.

For a number of reasons set forth below, I find that the issues plaintiffs present, *i.e.* whether the director and professional sales representatives were fraudulently joined, should be resolved by the MDL court, and that Merck's motions to stay should be granted.

First, that plaintiffs intend to file motions to remand in these cases does not act as a bar to transfer, and the MDL court can consider plaintiff's arguments regarding jurisdiction. *See In re Vioxx Product Liability Litigation* (MDL-1657), 360 F.Supp.2d 1352, 1353 (J.P.M.L. Feb. 16, 2005) (where the Judicial Panel found that the pendency of motions to remand based on alleged jurisdictional defects were not sufficient to avoid inclusion in MDL proceedings).

Second, despite plaintiffs' argument to the contrary, I find here, as I did in *North v. Merck*, 2005 WL 2921638 (W.D.N.Y. Nov. 4, 2005) and *Krieger v. Merck*, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005), that it is still the "general rule . . . for federal courts to defer ruling on pending motions to remand in MDL litigation until after the [JPML] has transferred the case to the MDL panel." *Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001). The Second Circuit Court of Appeals has adopted this general rule. *See In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) (where the jurisdictional issue in question is easily capable of arising in more than one court, consistency as well as economy is served by transferring and

consolidating cases as to which remand motions are pending). As indicated *supra*, at fn.2, the JPML will be deciding the question of transfer in these actions in the very near future.

In fact, the JPML has suggested, in a number of letters sent to this Court concerning plaintiffs' notices of opposition to transfer, that the Court should defer ruling on issues concerning remand until the issue of transfer is determined, in order to ensure uniform treatment of recurring jurisdictional issues. (*See, e.g.*, Ltr. From JPML Chairman Wm. Terrell Hodges, dated February 22, 2006) ("wait[ing] until the Panel has decided the transfer issue... may be especially appropriate if the [remand] motion raises questions likely to arise in other actions in the transferee court and, in the interest of uniformity, might best be decided there if the Panel orders centralization.")).

Third, I find that the jurisdictional issues presented in these cases are not so unique or peculiar to warrant resolution by this Court, or to preclude entry of a stay to promote judicial economy. Plaintiffs place much emphasis on the fact that Merck has failed to identify a single case in the MDL action in which the same class of defendants – individual directors and professional sales representatives – have been sued under New York state law. Merck, however, has identified over 150 cases currently pending before the MDL court where motions to remand were made concerning the issue of fraudulent joinder of individual sales representatives. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at ¶23). In addition, Merck has identified 14 other cases currently pending before the MDL court where motions to remand were made concerning the issue of fraudulent joinder of other employees, officers, or directors of Merck. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at ¶24). Similar

issues that plaintiffs raise in these actions, therefore, have been raised in other cases pending before the MDL.

Although the narrow issue of director and sales representative liability under New York state law may not yet be before the MDL court, that does not, by itself, preclude allowing the MDL court to resolve those issues. I agree with Merck that "it is likely that in ruling on remand motions that involve similar issues that arise under the laws of many other states, the MDL court will adopt an approach that treats like cases in a uniform manner" and that "the objectives of the MDL process – namely the avoidance of inconsistent rulings and the conservation of judicial resources – are best met by allowing the MDL Court to decide plaintiff's motion to remand."[4]

Furthermore, I am not persuaded by plaintiffs' contention that they will suffer prejudice if this Court does not elect to resolve the remand issues because the MDL court does not have a system in place for resolution of such motions. As defendant Merck points out, United States District Court Judge Eldon E. Fallon, who is presiding over the MDL, expressed his intention to resolve motions to remand in an expeditious and consistent manner. (*See* Hayes Decl. in further support of Merck's Motion to Stay, dated Feb. 16, 2006, at Ex. E (transcript of June 23, 2005 Status Conference, at p. 21) ("I'm conscious of dealing with the remand [motions] as quickly as possible, but I do want to get them all together, look at them, see if I can group them in some way, and then direct my attention on each particular group and deal with that issue in a consistent and fair fashion for that group.");

---

[4] I agree with the reasoning of another District Court faced with this question that "it is apparent that whether certain defendants have been fraudulently joined is an issue common to several of the cases being considered for consolidation by the JMPL. ... By allowing a single court to determine this issue, judicial resources will be conserved and the risk of inconsistent rulings is avoided." *Purcell v. Merck & Co., Inc.*, No. 05cv0443-L(BLM), slip op. at 4-5 (S.D. Cal. June 6, 2005).

*see also* Hayes Decl., Exs. O, P, and Q). This Court is confident that the processes employed by Judge Fallon to resolve remand issues will be more than sufficient.

Finally, I conclude that entering a stay will conserve judicial resources, one of the fundamental goals of multidistrict litigation practice. Staying this action is not extraordinary. According to Merck, more than 1700 similar Vioxx cases have been stayed by courts around the country pending their transfer to the MDL. Issues regarding the alleged fraudulent joinder of individual director and sales representative, and their respective liability under state law, will be addressed by the MDL court. The interest of uniform treatment of recurring jurisdictional issues is best served, then, by entering a stay in these cases.

## CONCLUSION

Merck's motions to stay are **GRANTED**. The JPML needs to determine whether these cases will be transferred or not from this Court.

To date, counsel for plaintiffs and Merck have submitted to chambers only a paper copy of their respective motion responses, replies, and sur-replies, which have been considered by the Court in determining Merck's motion to stay. Counsel is hereby directed to electronically file those motion papers in these 70 cases so that the record in each will be complete.

IT IS SO ORDERED.

DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
March 1, 2006.

ATTACHMENT 1

| Civil Action Title | Civil Action Number |
|---|---|
| Reid v. Merck & Co., Inc. | 6:05-cv-06621-DGL |
| Malkiewicz v. Merck & Co., Inc. | 6:05-cv-06622-DGL |
| Bolano v. Merck & Co., Inc. | 6:05-cv-06623-DGL |
| Hunt v. Merck & Co., Inc. | 6:05-cv-06624-DGL |
| Brewer v. Merck & Co., Inc. | 6:05-cv-06625-DGL |
| Monte v. Merck & Co., Inc. | 6:05-cv-06626-DGL |
| Bamford v. Merck & Co., Inc. | 6:05-cv-06627-DGL |
| Hyche v. Merck & Co., Inc. | 6:05-cv-06628-DGL |
| Anderson D. v. Merck & Co., Inc. | 6:05-cv-06629-DGL |
| Avolio v. Merck & Co., Inc. | 6:05-cv-06630-DGL |
| Bailey v. Merck & Co., Inc. | 6:05-cv-06631-DGL |
| Astrella v. Merck & Co., Inc. | 6:05-cv-06632-DGL |
| Bagley v. Merck & Co., Inc. | 6:05-cv-06633-DGL |
| Arnold v. Merck & Co., Inc. | 6:05-cv-06634-DGL |
| Mishko v. Merck & Co., Inc. | 6:05-cv-06635-DGL |
| Aponte v. Merck & Co., Inc. | 6:05-cv-06636-DGL |
| Chase, Marilyn J. v. Merck & Co., Inc. | 6:05-cv-06637-DGL |
| Bissell v. Merck & Co., Inc. | 6:05-cv-06638-DGL |
| Flint v. Merck & Co., Inc. | 6:05-cv-06640-DGL |
| Greck v. Merck & Co., Inc. | 6:05-cv-06641-DGL |
| Cook v. Merck & Co., Inc. | 6:05-cv-06642-DGL |
| Longley v. Merck & Co., Inc. | 6:05-cv-06643-DGL |
| Quadd v. Merck & Co., Inc. | 6:05-cv-06644-DGL |
| Reed v. Merck & Co., Inc. | 6:05-cv-06645-DGL |
| Becker v. Merck & Co., Inc. | 6:05-cv-06646-DGL |
| Benedict v. Merck & Co., Inc. | 6:05-cv-06647-DGL |
| Bernard v. Merck & Co., Inc. | 6:05-cv-06648-DGL |
| Brown, B. v. Merck & Co., Inc. | 6:05-cv-06649-DGL |
| Brown, M. v. Merck & Co., Inc. | 6:05-cv-06650-DGL |
| Cannon v. Merck & Co., Inc. | 6:05-cv-06651-DGL |
| Chase, Marilyn v. Merck & Co., Inc. | 6:05-cv-06652-DGL |
| Conriors v. Merck & Co., Inc. | 6:05-cv-06653-DGL |
| Bickel v. Merck & Co., Inc. | 6:05-cv-06654-DGL |
| Lopiccolo v. Merck & Co., Inc. | 6:05-cv-06655-DGL |
| Kordasiewicz v. Merck & Co., Inc. | 6:05-cv-06656-DGL |
| Anderson, P. v. Merck & Co., Inc. | 6:05-cv-06657-DGL |
| Disalvo v. Merck & Co., Inc. | 6:05-cv-06658-DGL |
| Harris v. Merck & Co., Inc. | 6:05-cv-06659-DGL |
| Corey v. Merck & Co., Inc. | 6:05-cv-06660-DGL |

ATTACHMENT 1 (continued)

| | |
|---|---|
| Daluiso v. Merck & Co., Inc. | 6:05-cv-06661-DGL |
| Anthon v. Merck & Co., Inc. | 6:05-cv-06662-DGL |
| Critten v. Merck & Co., Inc. | 6:05-cv-06663-DGL |
| Davis, S. v. Merck & Co., Inc. | 6:05-cv-06664-DGL |
| Weitzsacker v. Merck & Co., Inc. | 6:05-cv-06665-DGL |
| Barbato v. Merck & Co., Inc. | 6:05-cv-06666-DGL |
| Bryant v. Merck & Co., Inc. | 6:05-cv-06667-DGL |
| Robinson v. Merck & Co., Inc. | 6:05-cv-06668-DGL |
| Bielak v. Merck & Co., Inc. | 6:05-cv-06669-DGL |
| Donahue v. Merck & Co., Inc. | 6:05-cv-06670-DGL |
| Czekalsi v. Merck & Co., Inc. | 6:05-cv-06671-DGL |
| D'Amore v. Merck & Co., Inc. | 6:05-cv-06672-DGL |
| Davis, C. v. Merck & Co., Inc. | 6:05-cv-06673-DGL |
| Blackmon v. Merck & Co., Inc. | 6:05-cv-06676-DGL |
| Wilson v. Merck & Co., Inc. | 6:05-cv-06677-DGL |
| Clark v. Merck & Co., Inc. | 6:05-cv-06678-DGL |
| Arena v. Merck & Co., Inc. | 6:05-cv-06679-DGL |
| Cipressi v. Merck & Co., Inc. | 6:05-cv-06680-DGL |
| Gallipeau v. Merck & Co., Inc. | 6:05-cv-06681-DGL |
| Sugarman v. Merck & Co., Inc. | 6:05-cv-06710-DGL |
| Sicari v. Merck & Co., Inc. | 6:05-cv-06711-DGL |
| Depascale v. Merck & Co., Inc. | 6:05-cv-06712-DGL |
| Frain v. Merck & Co., Inc. | 6:05-cv-06713-DGL |
| Kaushinger v. Merck & Co., Inc. | 6:05-cv-06714-DGL |
| Laux v. Merck & Co., Inc. | 6:05-cv-06715-DGL |
| Lee v. Merck & Co., Inc. | 6:05-cv-06716-DGL |
| Neal v. Merck & Co., Inc. | 6:05-cv-06717-DGL |
| Scarlata et al. v. Merck & Co., Inc, et al. | 6:06-cv-06030-DGL |
| Schiedel et al. v. Merck & Co., Inc, et al. | 6:06-cv-06031-DGL |
| Hofmann et al. v. Merck & Co., Inc, et al. | 6:06-cv-06032-DGL |
| Johnson et al. v. Merck & Co., Inc, et al. | 6:06-cv-06033-DGL |