UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HOLMES et al., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:05CV00439 ERW |
| MERCK & CO. et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court upon Defendant Merck's Motion to Stay [doc. #7]. A hearing was held on April 27, 2005, and the Court heard arguments from the parties on the Motion.[1]

## I. BACKGROUND FACTS

This action concerns the prescription drug VIOXX, manufactured by Defendant Merck. On September 30, 2004, Defendant Merck announced that, in a clinical study known as APPROVe,[2] there was an increased relative risk for confirmed cardiovascular events beginning after 18 months of treatment in patients taking VIOXX compared with those taking a placebo. Defendant Merck subsequently voluntarily withdrew VIOXX from the market. Thereafter, numerous suits were filed across the nation seeking some form of recovery for plaintiffs who had purchased and ingested VIOXX. On October 21, 2004, Defendant Merck filed a motion for coordinated pre-trial proceedings with the Judicial Panel on Multidistrict Litigation (the "MDL"), requesting that all of the

[1]During this hearing, the Court also heard arguments from the parties on Plaintiff Holmes's Motion to Remand [doc. #29].

[2]The APPROVe study was a prospective, randomized, placebo-controlled clinical trial designed to evaluate the efficacy of VIOXX 25 mg. in preventing recurrence of colorectal polyps in patients with a history of collerectal adenomas.

VIOXX cases be coordinated in a single district court.

## II. STANDARD OF REVIEW

A district court has the inherent power to stay its proceedings. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). This power requires a court to exercise its "judgment, which must weigh competing interests and maintain an even balance." *Id.* A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation. *See Rivers v. Walt Disney*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997). In considering a motion for stay, a court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties. *Id.*

## III. DISCUSSION

In its Motion, Defendant Merck requests that the Court stay all proceedings in this action pending resolution of its motion currently before the MDL Panel for transfer of this case, and numerous other cases with certain overlapping factual issues and similar legal theories, to a single court for coordinated pretrial management. In support of its Motion, Defendant Merck argues that judicial economy mandates a stay because, without a stay, (1) much of the Court's work will be needlessly duplicated; and (2) Defendant Merck will be substantially prejudiced by duplicative discovery and motion practice. According to Defendant Merck, the issues raised by Plaintiffs' remand motion are similar to those raised in other cases that have been and likely will be transferred to a central court pursuant to certain MDL orders, and that court should be allowed to decide the remand issue to ensure all defendants are treated in a uniform manner.[3] In opposing the Motion,

[3]According to Defendant, stay orders have been issued in more than 175 VIOXX-related cases across the nation, and several of these 175 cases include pending remand motions.

Plaintiffs state that the MDL rules specifically authorize the Court to rule on their pending Motion to Remand. Plaintiffs argue that the Court should rule on Plaintiffs' Motion to Remand before considering the Motion to Stay because (1) judicial economy weighs in favor of ruling the Motion to Remand because, if the Motion is granted, no further federal resources would be expended on this case; and (2) issuing a stay would be prejudicial to the rights of Plaintiffs because a stay will substantially delay Plaintiffs' recovery.

After considering the arguments made by the parties, the Court concludes that the factors weigh in favor of staying this action. At the hearing on this matter, Defendant Merck pointed out that the MDL panel has now issued five conditional transfer orders affecting about 400 VIOXX cases. Defendant Merck further stated that there are currently 46 actions with pending motions to remand. Therefore, the transferee court hearing the coordinated cases will decide many of the same issues this Court would determine with regard to Plaintiffs' pending Motion to Remand. Although Plaintiffs are correct in pointing out that the Court does have the power to decide their pending Motion to Remand rather than staying this action, the Court finds Defendant Merck's judicial economy argument persuasive and concludes that judicial economy weighs heavily in favor of granting the requested stay.

The Court also considers the resulting prejudice to the parties. Plaintiffs argue that a stay will prejudice them because it will delay their opportunity for recovery. The Court concludes that, although Plaintiffs might well be subjected to some delay as a result of the issuance of a stay, that prejudice does not outweigh the judicial economy interests described above. Therefore, Defendant Merck's Motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Merck's Motion to Stay [doc. #7] is **GRANTED**. All motions currently pending before this Court are **DENIED, as moot,** with leave to refile at a later date, if necessary.

Dated this 3rd day of May, 2005.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE