**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| FRANK DETORIE, M.D. and MARGARET DETORIE | : | |
| Plaintiffs, | : | |
| V. | : | CASE NO. 06-65T |
| MERCK & CO., INC. and CAROL DEBIASIO | : | |
| Defendants. | : | |

**DECLARATION OF CAROL DEBIASIO**

1. My name is Carol DeBiasio. I am over twenty-one years of age, am of sound mind, and am competent to make this Declaration. This Declaration is based upon my personal knowledge.

2. From 1997 to the present, I have been employed by Merck & Co., Inc. ("Merck") as a Professional Representative. As a Professional Representative, my job is to provide licensed physicians with information about Merck's pharmaceutical products and to provide professional samples of those products to physicians at their request. The information that I used during the course of my employment was provided to me by Merck. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians regarding Vioxx®. On occasion, I would provide Vioxx samples to licensed prescribers on whom I called. In compliance with Merck policies, these samples were provided only on request, to enable the licensed prescribers to evaluate the product in actual practice and to enable the licensed prescribers to offer a small supply of medication to a patient who is taking the product for the first time. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other

written warnings concerning Vioxx contained in other information provided to me by my employer. I had no role in the regulatory approval process for Vioxx. I was not expected, as a Professional Representative, to conduct independent research regarding the products for which I had responsibility. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

3. At no time did I have any involvement at all with the manufacture, development, or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment, in a better position than I to make determinations concerning prescribing Vioxx. At no time did I ever sell, offer to sell, or take orders for the sale of Vioxx to patients. I am not a physician and accordingly have never prescribed Vioxx. I am also not a pharmacist and have never filled a Vioxx prescription as a pharmacist.

4. One of the physicians upon whom I called was Dr. Frank Detorie. I provided him with information about Vioxx and, at his request, provided him with professional samples of Vioxx in accordance with the policy described in paragraph two above. I never provided Dr. Detorie or any other physician with samples of Vioxx for their personal use. While I did know that Dr. Detorie personally took Vioxx, I had no knowledge that he took the professional samples that he requested that I provide him, and I never suggested that he take Vioxx or that he take the professional samples he requested.

5. I never participated in, nor was I ever instructed or trained with, nor did I ever receive any materials relating to, any "Dodgeball Vioxx" program.

6. I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

7. I never saw nor read the "FDA letter" discussed in plaintiffs' filings, nor am I aware of that letter's contents.

8. I derived no direct financial compensation based on my providing physicians with samples of Vioxx.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2006.

Carol DeBiasio